ROBERTSON, Justice:
We affirmed the conviction of C. W. Gisch by the Circuit Court of Pearl.River County of the manufacture (growing) of marijuana, but remanded the case to the trial court for resentencing under the provisions of Senate Bill 1957 of the 1971 Regular Legislative Session, more specifically Mississippi Code 1942 Annotated, Section 6831-74(g) (Supp.1972), the conviction having occurred prior to the enactment of that law. Gisch v. State, 259 So.2d 118 (Miss.1972).
Being his first offense, on remand the trial court sentenced appellant to 3i/£ years in the State Penitentiary and fined him $1,250.00 (the original sentence), but the trial court included in the resentencing order this proviso:
“[PJrovided, however, that when said defendant shall have served 1 year of said sentence and upon payment of said fine of $1,250, said defendant shall be placed on probation and parole as to the remaining 2Yz year period for a term of 5 years; ...”
Inasmuch as the conviction was affirmed and the cause remanded only for resentenc-ing after considering Section 6831-74(g) supra, and inasmuch as the period of probation does not exceed the limit set in Section 4004-25, Mississippi Code 1942 Annotated (Supp.1972), the judgment of the trial court is affirmed.
The beginning date of the 5-year period of probation will be the date that the appellant completes 1 year of service on his said sentence of 3i/¿ years.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and SMITH, JJ., concur.