Albert Moore, a prisoner presently incarcerated in the Mississippi State Penitentiary at Parchman, prosecutes a direct appeal from an order issued on June 15, 1990, by the Circuit Court of Hinds County summarily denying his Motion for Writ of Habeas Corpus.
Moore contended in his motion for post-conviction relief that a fifteen (15) year suspended sentence imposed in December of 1979 for the crime of forcible rape was unlawfully revoked in March of 1990 because a suspended sentence may not be lawfully revoked after a period of five years or after a defendant's probationary period has already expired.
 I.
On December 11, 1979, Moore entered a plea of guilty to rape. A sentence of thirty (30) years in the custody of the Mississippi Department of Corrections was thereafter imposed by the trial court. The execution of fifteen (15) years of the thirty (30) year sentence imposed was suspended by the circuit court, and the defendant was ordered to serve a five (5) year period of supervised probation. After serving five (5) years in the state penitentiary from December 11, 1979, through December 10, 1984, on the 15 year "to serve" portion of his sentence imposed for rape, Moore was released on parole.
On September 2, 1986, following his arrest for receiving stolen property, Moore was reincarcerated in the state penitentiary for violating the terms and conditions of his parole. He served an additional nineteen (19) months prior to his release on probation by the Department of Corrections on April 8, 1988.
On or about May 17, 1989, the State filed a "Motion To Revoke Suspended Sentence" and a probation revocation hearing followed on March 9, 1990.
During the probation revocation hearing, Moore was represented by counsel. Dick Bowie, Moore's probation and parole officer, testified that Moore ". . . was released from [the] custody of the Department of Corrections to begin his probation on April the 8th of 1988." Bowie produced as exhibit 1 to his testimony ". . . a notice that [Moore] signed on April 8, 1988[,] acknowledging that he [had] five years supervised probation following his release and that he was to report to Bill Lunsford, who is our area supervisor . . ." According to Bowie, the original copy of this paper, which was signed by Christine Houston, records custodian at the state penitentiary, was given to Moore.
Albert Moore thereafter testified as a witness in his own behalf. Moore succinctly denied the Circuit Court had placed him on a period of five (5) years supervised probation at that time or at any other time. This Court discerns from Moore's testimony that after serving five (5) years in the state penitentiary from December 11, 1979, through December 10, 1984, on the 15 year "to serve" portion of his sentence imposed for rape, Moore was released on parole, not probation. Moore's parole officer to whom he was to report until he completed his parole obligation was Richard Sims.
After hearing testimony from the complaining witness, the circuit judge found as a fact that Moore did commit the offense of dwelling house burglary and that such was "a violation of the suspended sentence." The court did not find the offense demanded revocation of the entire 15 year suspended sentence and ". . . partially revoke[d] *Page 740 
the suspended sentence for a period of six years . . ."
On May 16, 1990, Moore filed in the Circuit Court of Hinds County a "Motion for Writ of Habeas Corpus." He claimed he was entitled to an immediate release on the ground ". . . this revocation of his suspended sentence, some ten (10) years after the date of the original sentence is in violation of his due process rights and the case law. He further asserts that he is being unlawfully deprived of his liberty in the Hinds County Detention Center in violation of the Constitution of the United States of America and the Constitution of the State of Mississippi."
On June 15, 1990, the circuit judge issued an order denying relief, and Moore has appealed.
 II.
Appellant does not question the authority of the circuit court to suspend only a portion of the entire thirty (30) year sentence. See Marshall v. Cabana, 835 F.2d 1101 (5th Cir. 1988), where the Court of Appeals made the following observations with regard to "split sentences":
 We further hold that under Mississippi law, the judge also had the authority to order only part of the sentence to be served and to suspend a part of that sentence under § 47-7-33. Although they have not directly ruled on the issue raised by Marshall, the trial and appellate courts of Mississippi have many times approved the imposition of such split sentences. Fanning v. State, 497 So.2d 70 (Miss. 1986); Campbell v. State, 430 So.2d 851 (Miss. 1983). * * * * * *
Miss. Code Ann. § 47-7-33 (1972) authorizes a circuit or county court to suspend the execution of a sentence in a felony case, and instead place the defendant on probation. While this statute does not expressly authorize a suspension in part, we hold the greater power to suspend entirely the execution of a sentence includes the lesser power to suspend in part the execution of a sentence.
Moore, citing Miss. Code Ann. § 99-19-25 (1972) and Sisson v.State, 483 So.2d 1338 (Miss. 1986), contends ". . . the only period in which Moore's fifteen (15) year suspended sentence could have been revoked was within the five years following the 1979 imposition of [his] sentence." According to Moore, "[a]fter 1984, [his] 15 year suspended sentence could no longer be revoked." (Brief For Appellant at 2-3) Put another way, Moore contends that his probation period co-existed with his incarceration period and his probationary period had already expired at the time the circuit court revoked his suspended sentence. This Court disagrees.
This case involves a split sentence, the propriety of which is not questioned. Here a thirty (30) year sentence was imposed. The execution of fifteen (15) of those thirty (30) years was suspended by the circuit judge, and Moore was to be placed on five (5) years of supervised earned probation. The interpretation of this sentence is that the five (5) year probationary period would not begin until after Moore was discharged from his first 15 year sentence.
The record clearly demonstrates that Moore was not released from the custody of the Department of Corrections on probation
(as opposed to parole) until April 8, 1988. At the time of his release on supervised probation, Moore signed a notice acknowledging the commencement of the five (5) year probationary period. The period of probation did not begin to run until April 8, 1988. It did not, as Moore contends, commence on December 11, 1979.
The defendant points out he was first released on parole in December of 1984. Moore was not released on probation at that time; rather, he was released on parole. There is a distinction between release on probation by the circuit or county courts, Miss. Code Ann. § 47-7-33 (1972) and release on parole by the State Parole Board. The authority to place a prisoner on parole
and the subsequent revocation of parole is vested in the State Parole Board. The board has the exclusive responsibility for the granting of parole as well as the exclusive authority for the revocation of parole. See Miss. Code Ann. § 47-7-5(3) (Supp. 1990). *Page 741 
Miss. Code Ann. § 47-7-33 (1972), on the other hand, authorizes a circuit or county court ". . . to suspend the imposition or execution of sentence, and place the defendant on probation . . ." See Sisson v. State, 483 So.2d 1338 (Miss. 1986); Leonardv. State, 271 So.2d 445 (Miss. 1973).
Likewise, Miss. Code Ann. § 47-7-37 grants to the circuit and county courts the authority to revoke probation. It provides that "[t]he period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation [but] [s]uch period with any extension shall not exceedfive (5) years." See Leonard v. State, supra. This statute does not say that a suspended sentence must be revoked within five (5) years after initial sentencing. Rather, it says the maximum duration for the period of probation shall not exceed five (5) years.
Section 47-7-37 further provides that "[a]t any time duringthe period of probation the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested." [emphasis supplied]
To summarize, this Court holds the five (5) year probationary period for the fifteen (15) year suspended portion of Moore's thirty (30) year sentence did not begin to run until April 8, 1988, the day he was released on supervised probation from the custody of the Mississippi Department of Corrections following discharge from the fifteen (15) year "to serve" portion of the original sentence. The house burglary which triggered revocation of the suspended sentence took place on March 4, 1989, well within the five (5) year period of probation.
It would not be sensible to hold the period of probation began to run on December 11, 1979, the date of imposition of Moore's original sentence, because Moore was incarcerated at that time and had fifteen (15) years to serve. A prisoner will not be permitted to serve his period of probation simultaneously with his incarceration in the Department of Corrections. "Probation" denotes a release of the defendant, under suspension of sentence, into the community under the supervision of a probation officer.
Nor did the probationary period begin to run on December 10, 1984. This was the date the Department of Corrections released Moore on parole, a by-product of the fifteen (15) year unsuspended portion of his sentence, not on probation, a by-product of the 15 year suspended portion of the original sentence.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.