# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CP-01490-SCT

*DANIEL F. GOSS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/07/97 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT S. FLYNN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | SENTENCE VACATED; REMANDED - 11/12/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/16/98 |

**BEFORE SULLIVAN, P.J., MILLS AND WALLER, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On November 10, 1997, the Circuit Court of Winston County denied Danny Goss's motion to vacate/correct sentence. Aggrieved, Goss appeals to this Court assigning as error the following issues:

**I. WHETHER THE TRIAL COURT ERRED IN SENTENCING GOSS TO A TERM EXCEEDING THE MAXIMUM ALLOWED BY STATUTE.**

**II. WHETHER THE TRIAL COURT ERRED IN SENTENCING GOSS TO A TERM OF PROBATION OR SUSPENDED SENTENCE PURSUANT TO STATUTE.**

**III. WHETHER THE TRIAL COURT DENIED GOSS DUE PROCESS OF LAW IN VIOLATION OF THE CONSTITUTIONS OF THE UNITED STATES AND MISSISSIPPI.**

## FACTS

¶2. On May 5, 1995, Danny Goss pled guilty to burglary of an uninhabited dwelling in violation of Mississippi Code Annotated § 97-17-27. Goss was indicted as an habitual offender, but the habitual offender provision was not applied to sentencing. He was sentenced to ten years in the Mississippi Department of Corrections, with seven years to serve and three years suspended for a five-year period. Goss's sentence was to run consecutively with a sentence he was then serving in Newton County. On October 29, 1997, Goss filed a motion to vacate/correct sentence. The court denied this motion stating that it had not placed Goss, a convicted felon, on supervised probation as prohibited by Miss. Code Ann. § 47-7-33. Goss now appeals the decision of the lower court.

## DISCUSSION

### I. THE TRIAL COURT ERRED IN SENTENCING GOSS TO A SENTENCE WHICH EXCEEDS THE MAXIMUM ALLOWED BY STATUTE.

¶3. Goss was convicted of burglary of a dwelling and sentenced to serve seven years in the state penitentiary followed by a three year suspended sentence conditioned on good behavior. The trial judge set the suspension period at five years.

¶4. Mississippi law provides for a ten-year maximum sentence for burglary of a dwelling house. Miss. Code Ann. §97-17-27 (1994). Goss contends his sentence exceeds the maximum period allowed by law. On July 1, 1995, a "post-release supervision program" statute became effective, designating that "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." Miss. Code Ann. § 47-7-34 (Supp. 1997). This provision, which specifically applies to felonies committed after June 30, 1995, was not applicable at the time of Goss's sentencing.

¶5. Goss further alleges that his five-year probationary term exceeded the statutory maximum. The maximum probationary period allowed by Mississippi law at the time of Goss's sentencing was five years. Miss. Code Ann. §47-7-37 (1972 as amended); *Gisch v. State*, 278 So. 2d 778 (Miss. 1973). Therefore, the five year suspension period in the instant case does not exceed the maximum allowed by law.

¶6. Although the total number of years to which Goss was sentenced does not technically exceed the statutory maximum of ten years, and the suspension period does not exceed the statutory maximum of five years, we nevertheless find that the trial court erred in fashioning a sentence which could result in a fifteen year time span during which Goss is under the direct supervision of the State. Therefore, the sentence in its totality violates the limits imposed by the statutes and offends the intent of the legislature in restricting the duration of punishment imposed by the courts.

### II. THE TRIAL COURT ERRED IN PARTIALLY SUSPENDING GOSS'S SENTENCE IN VIOLATION OF MISS. CODE ANN. § 47-7-33.

¶7. Goss asserts that as a previously convicted felon he was erroneously sentenced to a probationary period prohibited by Mississippi Code Ann.§ 47-7-33. After close consideration of the statutory language, we find the partial suspension of Goss's sentence erroneous.

¶8. Prior to our discussion of the statute at issue, we must first decipher the subtle differences between the meaning of the term *suspension* as opposed to the meaning of the term *probation*. Suspension is a term

which generally applies to the actions of the State in relation to a prisoner under its supervision or control. If a court suspends a sentence imposed upon an accused, the State cannot enforce such sentence during the suspension period, absent violation by the defendant of the suspension terms. Simply stated, "suspension" is the restriction placed upon the power of the State to act during that period.

¶9. However, in its order allowing suspension of a sentence, the court will generally prescribe terms and conditions which the prisoner must follow in order for the suspension period to continue. These conditions serve as the terms of "probation." Probation restricts the prisoner's rights rather than those of the State. If a prisoner is under court imposed probation, he or she may be placed in prison if the conditions of probation are not followed.

¶10. Section 47-7-33 gives circuit and county courts the power "to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided,"" *except . . . where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof . . . .*" Miss. Code Ann. § 47-7-33 (1993)(emphasis added). Goss had twice previously been convicted of felonies, and the trial court was therefore constrained in its ability to place Goss on *probation*.

¶11. In his order denying Goss's motion to vacate/correct sentence, the trial judge ruled § 47-7-33 inapplicable because the statute prohibits placing convicted felons on "probation", and Goss was merely placed under "supervision of sentence." In support, the court cited the definition of probation in ***Moore v. State***: "'Probation' denotes a release of the defendant, under suspension of sentence, into the community under the supervision of a probation officer." ***Moore v. State***, 585 So. 2d 738, 741 (Miss. 1991). The court reasoned that since Goss was not under officer supervision during the suspension period he was not technically on probation, and a partial suspension of sentence did not violate the statute. We find this interpretation of ***Moore*** to be somewhat strained when applied to the facts of this case.

¶12. Goss cites ***Robinson v. State*** in support of his contention that his suspended sentence was erroneous. ***Robinson v. State***, 585 So. 2d 757 (Miss. 1991). In ***Robinson***, we held the trial court suspended the defendant's sentence in violation of § 47-7-33 due to the defendant's prior felony conviction. ***Robinson***, 585 So. 2d at 759. The uncertainty in the instant case stems from the distinguishable fact that only part of Goss's sentence was suspended by the lower court rather than the entire sentence as in ***Robinson***. We find that the wording of the statute not only restricts the courts' ability to place defendants with prior felony convictions on probation, but it also restricts their ability to wholly or partially suspend the sentence of a previously convicted felon. Therefore, the lower court erred in sentencing Goss, a convicted felon, to serve seven years in the state penitentiary followed by a conditional three year suspended sentence. Goss is simply not entitled to a suspended sentence in light of his prior conviction.

¶13. The State points out that Goss requests review of this issue even though he not only may become subject to a full ten year sentence, but also faces the possible jeopardy of being resentenced as an habitual criminal. We leave this matter to be determined by the lower court.

¶14. Consequently, the judgment of the trial court is vacated and a new sentence shall be imposed in accordance with Miss. Code Ann. § 97-17-27, with due consideration given to the portion of the sentence already served by Goss.

### III. GOSS WAS NOT DENIED DUE PROCESS OF LAW IN VIOLATION OF THE

**CONSTITUTIONS OF THE UNITED STATES AND MISSISSIPPI.**

¶15. Goss asserts that his due process rights were breached when the trial court added court costs and assessments to the written order and administered additional conditions of the suspension of sentence.

¶16. Goss's claim that he was unaware he had to pay the court fees within six months of release is refuted by the record. Furthermore, the trial court acted within the boundaries of Miss. Code Ann. § 47-7-35 when it added certain terms and conditions to the suspension period. Each additional condition is specifically listed in the statute, and the court is given complete discretion concerning the creation and alteration of probation terms. Miss. Code Ann. § 47-7-35(1993). Goss's due process rights were not violated by these actions of the lower court.

## CONCLUSION

¶17. The sentence imposed by the trial court was erroneous due to the possibility that Goss would serve more than ten years for the crime of burglary of a dwelling as prescribed by Miss. Code Ann. § 97-17-27. Additionally, § 47-7-33 restricts the authority of the lower court to suspend the sentence of a previously convicted felon as well as its ability to impose a probationary period on the same. As a result, the sentence imposed by the lower court in this case is vacated and this case is remanded for proper sentencing.

¶18. **SENTENCE VACATED. REMANDED FOR PROPER SENTENCING.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND WALLER, JJ., CONCUR.**