# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 98-CP-00303 COA

**CEDRIC CARTER**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/1998 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED III |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | 01/23/1998: POST CONVICTION COLLATERAL RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 12/08/98 |
| MOTION FOR REHEARING GRANTED: | 01/04/99; REVERSED AND REMANDED FOR RESENTENCING - 04/20/99 |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | |

MODIFIED OPINION

ON MOTION FOR REHEARING

EN BANC

SOUTHWICK, P.J., FOR THE COURT:

¶1. The original opinion is withdrawn, the motion for rehearing is granted, and the following opinion is substituted.

¶2. Cedric Carter appeals the denial of post-conviction relief. On July 1, 1994, Carter pled guilty to manslaughter. He was given the statutory maximum sentence of twenty years, but with six months

suspended and probation for five years. On January 21, 1998, Carter filed a post-conviction relief motion alleging that his sentence was in effect one for twenty-five years, which was illegal because it was greater than the statutory maximum. The circuit court disagreed and found that the sentence was proper and also that the motion was time-barred. We find that recent supreme court authority requires that Carter's argument be sustained. We reverse and remand for resentencing.

## ANALYSIS

¶3. Carter filed his motion for post-conviction relief more than three years after his conviction. Motions under the Mississippi Uniform Post-Conviction Collateral Relief Act must be made within three years after entry of judgment of conviction in the case of a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 1994). The circuit court made entry of judgment in Carter's case on July 1, 1994, and Carter filed his post-conviction relief motion on January 21, 1998. There are three exceptions to the time-bar: (1) intervening court decisions that would have likely affected conviction or sentencing, (2) newly discovered evidence, and (3) a sentence that has expired or an unlawful revocation of probation, parole, or conditional release. *Id.; see also Jones v. State*, 700 So. 2d 631, 632 (Miss. 1997). In addition, if a fundamental constitutional right is involved, such as a sentence beyond the statutory maximum, the limitation period is irrelevant. *Luckett v. State*, 582 So. 2d 428, 430 (Miss. 1991). It is under this last exception that Carter argues his claim fits.

¶4. This sentence requires Carter to serve nineteen and one-half years in prison. For five years of probation that follows, Carter would be subject to various restrictions and to the potential that probation would be revoked and the final six months would then have to be served. From Carter's viewpoint, if probation is not revoked this is a twenty-four and a half-year sentence; if probation is revoked at the end of the five years, it is a twenty-five year sentence. Either way this violates the statutory maximum of twenty years.

¶5. By only suspending the last six months of the sentence, it would appear that the circuit court was attempting to maximize State supervision of Carter by joining a near-maximum for time served in prison with the maximum period for probation. Whether such a sentence is valid requires examining the statutes regarding probation. One statute, which has since been changed in other respects but not this, stated that if part of a sentence was suspended, the maximum period for probation was five years. Miss. Code Ann. § 47-7-37 (Rev. 1993). Reporting obligations and other terms of the probation could be imposed. Miss. Code Ann. § 47-7-35 (Rev. 1993).

¶6. The only part of the probation statutes that might be an explicit reference to the present issue is that "[n]o part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." Miss. Code Ann. § 47-7-37. That language might be referring to the specific question here, namely, that a probation period has no correlation to the years that a felon is sentenced to serve and that the total of the two periods may be longer than the maximum sentence. Regardless of whether that is the correct interpretation, we find that the supreme court has ended the utility of our analyzing that argument by a recent decision on the precise issue before us. *Goss v. State,* 721 So.2d 144, 145 (1998). The Attorney General's office quite properly and commendably presented the *Goss* decision as a possibly contrary authority to the position that the State argues. We examine the effect of *Goss* after we review the arguments that arise under another part of the statute.

¶7. One explicit statutory limitation exists on the length of probation: the "period of probation shall be fixed by the court. . . [and] shall not exceed five (5) years. . . ." *Id.* There is no stated requirement that the total of

time served and probation must not exceed the maximum statutory sentence. Neither is there any adjustment mandated that probation cannot even be five years if the offense is one for which the maximum sentence is less than five years. All felonies are subject to having probation imposed. *Jackson v. Waller*, 248 Miss. 166, 160 So. 2d 184 (1964). A felony is any offense "punished with death or confinement in the penitentiary." Miss. Code Ann. § 1-3-11 (Rev. 1998). Several felonies do not permit a sentence of as much as five years. *E.g.,* Miss Code Ann. § 41-29-139 (c)(2)(C) (Supp. 1998) (possession with intent to distribute 30-250 grams marijuana); § 97-5-3 (Rev. 1994) (desertion of child); § 97-29-45 (Rev. 1994) (telephone threats). For Carter's argument to have statutory support here, the statute would have needed to say that "probation shall not exceed the lesser of five years or the difference between the maximum for the offense and the sentence that is to be served."

¶8. Establishing the length of sentences is a legislative function. *Horton v. State*, 374 So. 2d 764, 765 (Miss. 1979). A sentence will not be disturbed on appeal if it does not exceed the maximum term allowed by statute. *Hopson v. State*, 625 So. 2d 395, 404 (Miss. 1993). That rule is always subject, though often only implicitly, to the constitutional limits of cruel and unusual punishment. *Davis v. State*, 724 So. 2d 342, 345 (Miss. 1998).

¶9. What the legislature has done is establish a maximum sentence for an offense, then in another statute established a maximum length for probation. We do not have before us a proportionality or cruelty argument that the total period of incarceration and probation for manslaughter cannot constitutionally be as long as twenty-five years. Instead the argument is that there is a presumption in the statutes that the legislature did not intend for the combined period to be longer than the maximum for the sentence itself. Unless a presumption overrides it, what the legislature actually said on the subject was explicitly and unqualifiedly that probation can be up to five years and that a sentence for manslaughter can be as much as twenty years.

¶10. When the same issue was presented in Florida, that state's supreme court noted that its statute contained no limit on the length of probation. *State v. Holmes*, 360 So. 2d 380, 382 (Fla. 1978). As a result, the court created a limit such as the one sought by Carter here. *Id.* at 383. Since the Mississippi statute has a specific five year limit for probation, the Florida rationale is inapplicable.

¶11. With this as background, we turn to the recent Mississippi Supreme Court decision in *Goss.* The court found it to be self-evident that the length of probation when added to the sentence both to be served and suspended cannot exceed the maximum for the offense:

> Although the total number of years to which Goss was sentenced does not technically exceed the statutory maximum of ten years, and the suspension period does not exceed the statutory maximum of five years, we nevertheless find that the trial court erred in fashioning a sentence which could result in a fifteen year time span during which Goss is under the direct supervision of the State. Therefore, the sentence in its totality violates the limits imposed by the statutes and offends the intent of the legislature in restricting the duration of punishment imposed by the courts.

*Goss,* 721 So.2d at 145.

¶12. Consequently, Carter's sentence is invalid since the time both to be served and that was suspended, when added to the period of probation, exceeded the statutory limit for the offense. The trial court must resentence him within the twenty-year limit for the offense.

¶13. Carter failed to file his motion within the three-year time period for post-conviction relief, but he made a claim of a sentencing error that is cognizable no matter when raised. We reverse and remand for further proceedings.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND THE CAUSE IS REMANDED FOR RESENTENCING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.**

**MCMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, PAYNE, AND THOMAS, JJ., CONCUR.**

**IRVING AND LEE, JJ., NOT PARTICIPATING.**