McMILLIN, C.J.,
for the Court:
¶ 1. John Randolph Frazier has filed a pro se appeal from an order of the Circuit Court of Hancock County denying him any relief based on his motion to reconsider sentence. Frazier pled guilty to a charge of negligently causing disfiguring injuries to another while operating a motor vehicle under the influence of alcohol. Frazier purports to raise four issues in his brief. However, two of them turn on essentially the same legal considerations and we will treat them as one issue. As his third issue, Frazier raises a double jeopardy claim, but his argument is nothing more than a rehash of the proposition advanced in his earlier issues to the effect that he was sentenced under a statute different from the one on which he entered his guilty plea. The fourth issue is a claim that he received such ineffective assistance of counsel that his guilty plea was not an informed waiver of his constitutional right to a trial.
I.
A Preliminary Jurisdictional Matter
¶ 2. The State, separately from its brief on the merits of Frazier’s appeal, filed a motion to dismiss the appeal for lack of jurisdiction. The State suggests in that motion that Frazier is improperly attempting to appeal from a guilty plea — a practice forbidden by Section 99-35-101 of the Mississippi Code. Miss.Code Ann. § 99-35-101 (Rev.1994). Also, the State urges that Frazier is improperly seeking to have this Court adjudicate issues cognizable under this State’s Post-Conviction Relief Act without first filing an appropriate motion under the Act with the trial court as required by Section 99-39-7 of the Mississippi Code. Miss.Code Ann. § 99-39-7 (Rev. 1994).
¶ 3. One of Frazier’s complaints on appeal is that he was improperly sentenced after his guilty plea. Frazier claims that he entered a plea to a lesser-included-offense to the charge in the indictment yet the trial court proceeded to sentence him under the greater crime. As stated earlier, this issue was presented to the trial court in a motion to reconsider his sentence. The trial court denied any relief. Since that issue was first presented to the trial court for consideration, we find the State’s position in its motion is not well-taken as to this particular issue. As to the claim that this is an impermissible attempt to appeal from a guilty plea, we find the trial court’s failure to grant relief on Frazier’s motion to be an appealable order under the holding in Goss v. State, 721 So.2d 144 (Miss.1998). In that case, Goss pled guilty to burglary. Several months after being sentenced, Goss moved to have his sentence vacated because he contended that it improperly exposed him to direct State supervision for a term beyond the maximum sentence for burglary. Id. at 145. The Mississippi Supreme Court took jurisdiction of Goss’s subsequent appeal and ruled in his favor on that point. Id. We are satisfied that the issue in this case concerning the propriety of Frazier’s sentence is sufficiently similar to that in the Goss case to vest this Court with jurisdiction to consider it on the merits. Additionally, because Frazier brought this claim before the trial court but was denied relief, the State’s assertion regarding non-compliance with the Post Conviction Relief Act, to the extent it applies, is not well-founded.
¶ 4. However, as to Frazier’s separate claim of ineffective assistance of counsel, we agree with the State that this is a matter cognizable under the Post-Convic *393 tion Relief Act and one that, in the case of a guilty plea, must be first raised with the trial court. Miss.Code Ann. § 99-39-7 (Rev.1994). Since Frazier’s motion to reconsider sentence filed with the trial court makes no mention of his counsel’s performance, we conclude that we are without jurisdiction to consider this issue.
II.
Whether Frazier’s Sentence Was Improper
¶ 5. Frazier was indicted for an incident in which he, while driving his vehicle with substantial amounts of alcohol in his system, struck and severely injured an individual on a bicycle. Frazier was indicted under Section 63-11-30(4), which elevates even a first offense DUI to a felony if, while operating a vehicle while intoxicated, the driver negligently causes another to suffer death, disfigurement, or certain other serious injuries set out in the statute. Miss.Code Ann. § 63-11-30(4) (Rev.1995), amended by Miss.Code Ann. § 63-11-30(5) (Supp.1998).
¶ 6. As a part of his guilty plea, Frazier signed a written acknowledgment that he desired to plead guilty to “DUI causing injury to another.” During the course of the hearing, the trial court at one time referred to the crime as “felony driving under the influence as set forth in the indictment ...” The judgment commemorating Frazier’s guilty plea describes the crime as “FELONY DRIVING UNDER THE INFLUENCE.”
¶ 7. Frazier seizes on the trial court’s statement and the wording of the judgment to argue that he did not plead guilty to negligently injuring another person, but only to operating a vehicle under the influence of intoxicants. He further argues that, since this was his first offense for driving while intoxicated, the maximum sentence was substantially less than the fifteen years he received at the hands of the trial court.
¶ 8. Based upon our review of the record, we conclude this claim to be without merit. When the record of the proceedings on Frazier’s guilty plea is considered in its totality, it is evident that Frazier and all other participants in the proceeding fully understood the nature of the charge to which Frazier was entering his plea. At the commencement of the hearing, the trial court stated as follows:
Mr. Frazier, you have indicated through your attorney and through the submission of a petition to enter a plea of guilty that you desire to enter a plea of guilty to the charge of felony driving under the influence. And I believe this is causing injuries; is that correct?
¶ 9. Frazier’s counsel responded, “Yes, Your Honor,” whereupon the trial court immediately asked Frazier directly whether he “wishfed] to proceed to enter a plea of guilty to this charge at this time.” Frazier responded, ‘Yes, sir.”
¶ 10. There is nothing in the following exchanges among the participants in the proceeding that would even hint at the notion that the crime to which Frazier was offering a guilty plea was, by plea bargain or other arrangement, reduced to a lesser crime not involving injury to a third party. In the course of the inquiry, the State recited in some detail the facts it believed it could prove to show that Frazier, while under the influence of intoxicants, struck and seriously injured another person lawfully riding a bicycle on the roadway, causing that person to suffer serious injury and to incur over $20,000 in medical expenses. Frazier’s primary contribution to this lengthy colloquy was to dispute the location that the bicycle rider’s body came to rest after he was struck, apparently trying to suggest that the bicycle rider may have been partially to blame for the accident.
¶ 11. Even the oral statement by the trial court quoted above that failed to specifically mention “negligent injury” nevertheless made reference to the indictment itself, which contained an unequivocal allegation that Frazier’s negligent operation of *394 the vehicle caused serious injury to another.
¶ 12. The written judgment entered pursuant to that guilty plea does, admittedly, fail to describe with appropriate certainty the particular crime for which Frazier was being sentenced. Rather than reaching a conclusion that this is proof that Frazier intended to plead guilty to a lesser crime, we are firmly of the opinion that the imprecise recitation of the crime in the sentencing order represents an unintentional drafting error that in no way prejudiced Frazier and is the sort of error which may be corrected at any time. Williams v. State, 583 So.2d 620, 625 (Miss.1991).
¶ 13. We, therefore, find Frazier’s appeal to be without merit insofar as he claims that his sentence exceeded the maximum punishment for the crime to which he entered a guilty plea.
¶ 14. Despite our failure to find error in the length of Frazier’s sentence, we remand this case to the trial level for the limited purpose of permitting the trial court to enter an amended sentencing order that more properly sets out the specific crime to which Frazier entered a plea of guilty, said order to be entered nunc pro tunc to the date of the earlier sentencing order.
¶ 15. We purposely leave unanswered the question of whether our decision to reach the merits of Frazier’s challenge to his sentence bars his right to seek further post-conviction relief due to the statute’s restrictions on repetitive filings. Miss. Code Ann. § 99-39-23(6) (Supp.1998). On the one hand, the PosWConviction Relief Act specifically provides relief after a guilty plea for a prisoner who contends “[tjhat the sentence exceeds the maximum authorized by law.” Miss.Code Ann. § 99-39 — 5(l)(d) (Supp.1998). On the other, the Goss decision makes no specific mention that it was treating Goss’s motion to vacate his sentence as a proceeding under the PosWConviction Relief Act. We, thus, find that issue to be an open question and not one that must be answered to properly resolve this appeal.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED AS TO THE CLAIM OF THE APPELLANT THAT THE SENTENCE EXCEEDED THE MAXIMUM PRESCRIBED BY LAW FOR THE CRIME. THE APPEAL BASED ON A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL IS DISMISSED FOR LACK OF JURISDICTION. THIS CAUSE IS REMANDED TO THE TRIAL COURT FOR THE SOLE PURPOSE OF PERMITTING THE TRIAL COURT TO ENTER A CORRECTED SENTENCING ORDER, NUNC PRO TUNC TO THE DATE OF THE ORIGINAL SENTENCING ORDER, TO MORE FULLY SET FORTH THE SPECIFIC CRIME UPON WHICH THE APPELLANT ENTERED HIS PLEA OF GUILTY. COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, JJ„ CONCUR.
THOMAS, J„ NOT PARTICIPATING.