LEE, J.,
for the Court.
¶ 1. In August 1994, Darryl T. Jones was indicted on two counts, one count of murder and one count of aggravated assault. He pled guilty to the charge of aggravated assault and to a lesser charge of manslaughter. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections for the manslaughter charge and twenty years on the aggravated assault charge with ten years suspended and five years supervised probation, the sentences to run consecutively. In October 1998, Jones filed a motion to modify, correct and/or vacate sentence; the motion was dismissed with prejudice for failure to file within statutory time limits as described in Miss.Code Ann. § 99-39-5(2) (Rev.1993). Aggrieved, he now appeals to this Court.
DISCUSSION OF THE ISSUES
I. DID THE TRIAL JUDGE ABUSE HIS DISCRETION IN DISMISSING WITH PREJUDICE THE APPELLANT’S MOTION FOR POST CONVICTION RELIEF?
¶ 2. Our standard of reviewing a trial court’s denial of post-conviction relief is well stated. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).
¶ 3. With his appeal, Jones argues that the trial court erred in finding his petition was time barred and that the court erred in denying his motion on the merits. We first review the issue of time bar and find that the trial court did not commit error. The Mississippi Code sets a three-year statute of limitations for filing a petition for post-conviction relief, the statutory period to run from the date of entry of conviction. Miss.Code Ann. § 99-39-5(2) (Rev.2000). The date of Jones’s entry of conviction was January 23, 1995; he filed his petition for post-conviction relief on October 13, 1998, which is well beyond the three year time limitation. Exceptions are described in the Code, but none apply to Jones’s case; thus, we find no error in the trial court’s finding that Jones’s petition was time barred.
¶ 4. We look next to Jones’s argument with regard to the substantive merits *612 of his motion for relief. Jones’s plea agreement consisted of his agreeing to plead guilty to both counts and to serve a sentence of twenty years for the manslaughter charge and twenty years with ten years suspended on the aggravated assault charge. Jones now argues on appeal that the judge’s additional tacking on of a five year probationary period at the end of the suspension exceeds the maximum penalty authorized by law and, thus, his motion should not have been dismissed.
¶ 5. Jones cites to Goss v. State, 721 So.2d 144 (Miss.1998), as a factually similar example. In Goss, the defendant was sentenced to ten years with seven years to serve and three years suspended for a five-year period; his sentence was to run consecutively to a sentence he was already serving for another crime. Goss, 721 So.2d at (¶ 2). Goss argued that his sentence exceeded the maximum set by statute since, according to Miss.Code Ann. § 47-7-34 (Supp.1997), the total number of years of incarceration plus the total number of years of post-release supervision cannot exceed the maximum sentence allowed by law. The supreme court found that although Goss would not technically be incarcerated for an amount of time to exceed the statutory maximum, such sentence “could result in a fifteen year time span during which Goss is under the direct supervision of the State.” Goss, 721 So.2d at 145 (¶ 6). Thus, the sentence in totality violated the statute.
¶ 6. Jones failed to note that the Goss decision was overruled by the supreme court’s decision in Carter v. State, 754 So.2d 1207 (Miss.2000). In Carter, the supreme court cited to Moore v. State, 585 So.2d 738 (Miss.1991), in recognizing the distinction between post-release supervision and probation, the latter not being part of the actual prison sentence. Also, the court recognized the rule from Miss. Code Ann. § 47-7-37 (Supp.1999), which provides that no part of time served on probation shall be considered part of the actual time the defendant is sentenced to serve. Carter, 754 So.2d at (¶ 7). The Carter court concluded that the defendant’s sentence of twenty years in prison with five years of probation did not exceed the statutory maximum amount of incarceration for the crime, which was twenty years.
¶ 7. We apply the Carter rule to the present ease and find that the additional five-year probationary period “is not subject to the ‘totality’ of sentence concept found in § 47-7-34.” Carter, 754 So.2d at (¶ 5). Therefore, his sentence was not beyond the bounds allowed by statute.
¶ 8. As described, we find Jones’s petition to be time barred, and we find no merit to his argument that his sentence exceeded the maximum allowed by statute. Thus, we affirm the lower court’s dismissal with prejudice.
¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF DISMISSAL OF PETITION FOR POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ„ CONCUR.