879 So.2d 1050 (2004)
Chantantie MILLER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-02066-COA.
Court of Appeals of Mississippi.
June 8, 2004.
Rehearing Denied August 10, 2004.
Chantantie Miller, appellant, pro se.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before SOUTHWICK, P.J., LEE and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Chantantie Miller was indicted for aggravated assault on April 22, 1993. Miller pled guilty and was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with twenty years suspended and five years' probation. She later was indicted on five counts of uttering a forgery. On September 30, 1996, the circuit court revoked Miller's probation and ordered that she serve her previous aggravated assault sentence of twenty years. Miller filed a motion for post-conviction relief to set aside and vacate her alleged illegal sentence on October 28, 2002. The circuit court denied the petition without an evidentiary hearing. Feeling aggrieved, Miller appeals and cites the following errors:
1. WHETHER MILLER'S GUILTY PLEA WAS INVOLUNTARY BECAUSE IT WAS MOTIVATED BY AN ILLEGAL AND EXCESSIVE SENTENCE.
*1051 2. WHETHER MILLER'S SENTENCE WAS EXCESSIVE BECAUSE IT EXCEEDED THE TERM OF YEARS ALLOWED FOR THE ALLEGED CRIME.
3. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING.
¶ 2. This Court will address Miller's three issues together because each is premised on Goss v. State, 721 So.2d 144, 147 (¶ 17) (Miss.1998), which, she claims, renders her sentence excessive. Finding no merit, we affirm the ruling of the trial court.

1. WHETHER THE TRIAL COURT ERRED IN DENYING MILLER'S MOTION FOR POST CONVICTION RELIEF
¶ 3. In reviewing a trial court's denial of post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052 (¶ 4) (Miss.Ct.App.2000).
¶ 4. Miller's claim of an illegal sentence is not subject to the time bar of three years set forth in Mississippi Code Annotated Section 99-38-5(2) (Supp.2003) because errors affecting a fundamental constitutional right are excepted from the time bar. Ivy v. State, 731 So.2d 601, 602(¶ 4) (Miss.1999). Although Miller was sentenced over eight years ago and her probation revoked six years ago, we therefore will address the merits of her claim.
¶ 5. Miller argues that her plea bargain and twenty-year sentence for aggravated assault is in conflict with the Mississippi Supreme Court's holding in Goss v. State, 721 So.2d 144, 147 (¶ 17) (Miss.1998). Goss was a prior convicted felon who entered a guilty plea to burglary and was sentenced to serve ten years, with three years suspended and a five-year probation period. Id. at (¶ 3). As a repeat offender, Goss was not eligible for probation. Id. at (¶ 2). At the time Goss was sentenced, the statutory maximum for burglary of a dwelling was ten years. Id. at (¶ 4).
¶ 6. In 1997, Goss filed a motion for post-conviction relief, which was denied by the circuit court. Id. Goss appealed and argued that his combined sentence and probation exceeded the statutory maximum allowed by the law. Id. at (¶ 5). The Mississippi Supreme Court found that Goss' sentence "in its totality violates the limits imposed by the statutes and offends the intent of the legislature in restricting the duration of punishment imposed by the courts." Id. at (¶ 6). The court then concluded that, "[t]he sentence imposed by the trial court was erroneous due to the possibility that Goss would serve more than ten years for the crime of burglary of a dwelling as prescribed by Miss.Code Ann. § 97-17-27." Id. at 147(¶ 17).
¶ 7. However, Goss was overruled in Carter v. State, 754 So.2d 1207, 1209-10 (¶¶ 9,10) (Miss.2000), where the Mississippi Supreme Court held that a period of probation is not considered when calculating whether the sentence exceeds the statutory maximum. In Carter, the court noted the distinction between post-release supervision and probation, the latter not being part of the actual prison sentence. Carter, 754 So.2d at (¶ 5)(citing Moore v. State, 585 So.2d 738, 741 (Miss.1991)). The court recognized that Mississippi Code Annotated Section 47-7-37 (Rev.2000) provides that no part of the time served on probation shall be considered part of the actual time the defendant is sentenced to serve. Id. at (¶ 7).
¶ 8. Miller argues that the holding in Carter is not applicable to her case because *1052 it was rendered under an interpretation of Mississippi Code Annotated Section 47-7-34 (Rev.2000) and § 47-7-37. She asserts that because her case was interpreted under Mississippi Code Annotated Section 47-7-33 (Rev.2000), Carter is inapplicable and its application would constitute an ex post facto law violation.
¶ 9. The Mississippi Supreme Court in Carter specifically held that "probation under § 47-7-33 is a conditional term that is not a part of the prison sentence and is therefore not subject to the "totality" of sentence concept found in § 47-7-34." Carter, 754 So.2d at 1209(¶ 5). Miller's five year probation period would not be added to her original twenty year sentence for aggravated assault when calculating time to be served. Reinstating the full original sentence therefore would not violate the statutory maximum for her crime as set forth in Mississippi Code Annotated Section 97-3-7 (Rev.2000).
¶ 10. Miller was a first time offender who was convicted of aggravated assault and sentenced to serve twenty years, with twenty years suspended and five years' probation. The sentence was proper under § 97-3-7, which authorizes a sentence of up to twenty years for aggravated assault. Because Miller was a first time offender, § 47-7-37 allowed the circuit court the discretion to suspend her sentence and implement probation. Miller pled guilty to aggravated assault, pursuant to § 97-3-7, on February 4, 1994. At the time Miller was sentenced, § 97-3-7 was construed consistent with the court's holding in Carter. Accordingly, Miller's ex post facto assertion is without merit.
¶ 11. Miller also alleges that she should have been afforded an evidentiary hearing before the circuit judge. She argues that her guilty plea was involuntary because "she should have been advised that if her probation was violated no credit for any time served under probation would be allowed as credit on the actual time to be served." A trial court has considerable discretion in determining whether to grant an evidentiary hearing. Meeks v. State, 781 So.2d 109, 114 (¶ 14) (Miss.2001). Not every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing. Jones v. State, 795 So.2d 589, 590(¶ 3) (Miss.Ct.App.2001). A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the record of the proceedings leading to the judgment of guilty. White v. State, 818 So.2d 369, 371(¶ 4) (Miss.Ct.App.2002).
¶ 12. Miller's involuntary plea argument cannot be advanced in this post-conviction relief petition because it is time barred and does not fall within one of the exceptions set forth in § 99-39-5(2). Notwithstanding the time bar, her argument also fails because probation is a conditional term that is not a part of a prison sentence. Miller could not have been advised by the trial court or her lawyer that she would receive credit for time served on a prison sentence while on probation. This Court finds that the circuit court properly denied Miller's motion for post-conviction relief.
¶ 13. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.