KING, C.J.,
for the Court.
¶ 1. On March 31, 1994, Quintarious Wallace pleaded guilty to two separate causes: burglary of an automobile and. grand larceny in the Circuit Court of Bolivar County. The same day Judge John L. Hatcher sentenced Wallace to seven years in the custody of the Mississippi Department of Corrections and because the judge found, that Wallace was a first time offender he suspended four years of the sentence with three years to serve and recommended Wallace for the Regimented Inmate Discipline (RID) program. On the grand larceny charge Judge Hatcher sentenced Wallace to three years to serve with the sentence to run concurrently with the auto burglary sentence. On November 2, 1994, upon the recommendation of the Department of Corrections and the voluntary agreement of Wallace, the judge modified both sentences to time served and ordered Wallace released on probation upon completion of the RID program. Eight years later in March 2002 Wallace filed a motion for post-conviction relief to vacate and set aside his conviction and sentence for grand larceny. Wallace argues that the sentence for grand larceny was illegal because a prior conviction for auto burglary made him ineligible for a suspended sentence. The auto burglary conviction to which Wallace refers, was a guilty plea, which was entered simultaneously with the plea to grand larceny, which is the foundation of this case. Circuit Judge Albert B. Smith III in a thorough opinion found that Wallace’s petition was time barred and dismissed the complaint.
¶ 2. Finding no error, we affirm the dismissal.
STANDARD OF REVIEW
¶ 3. When we review a lower court’s decision to deny a petition for post-conviction relief, we will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Austin v. State, 863 So.2d 59, 60(¶ 3)(Miss.Ct.App.2003) However, where there are questions of law raised the applicable' standard of review is de novo. Id.
ANALYSIS
¶ 4. The Mississippi Uniform Posb-Conviction Collateral Relief Act provides that motions for post-conviction relief from guilty pleas shall be made within three years after the entry of judgment of conviction. Miss.Code Ann. § 99 — 39—5(2) (Rev.2000).
¶ 5. Wallace argues that one of the statutory exceptions to the statute of limitations applies to his case, namely that there has been an intervening case from the Mississippi Supreme Court which has affected the outcome of his sentence. Mississippi Code Annotated § 99-39-5(2) exempts from the statute of limitations cases in which the prisoner can demonstrate that there has been an intervening decision of the U.S. Supreme Court or the Mississippi Supreme Court that would have adversely affected the outcome of the conviction.
¶ 6. Wallace cites Goss v. State, 721 So.2d 144 (Miss.1998)(overruled on other grounds) as a ruling which has been issued since his sentencing which affects the outcome of the case. He cites Goss for the proposition that a court may not wholly or partially suspend the sentence of a convict *843 ed felony. Wallace’s reliance on Goss, however, is misplaced. Section 47-7-33(1) of the Mississippi Code Annotated (1972) was in effect in 1994 when Wallace was sentenced. That section prohibits a sentencing judge from suspending a sentence or placing a convicted felon on probation. In Goss the court cited and discussed section 47-7-33.
¶ 7. The trial judge in this case was aware of the prohibition on sentencing convicted felons to probation. He stated in his opinion, “This court finds that the Goss decision did not change the existing law at the time petitioner was sentenced.” Then the court concluded that Wallace had failed to offer a legal reason why the three-year statute of limitations should not bar his post-conviction relief.
¶ 8. The trial judge did not think that his sentences of Wallace violated section 47-7-33 since prior to the sentencing in 1994 Wallace had no felony conviction. The court addressed the issue in its opinion. “There is nothing in the record to indicate that [Wallace] had any prior felony conviction prior to the convictions in cause numbers 7848 and 7849. Those sentences were given during the same term of court, on the same day, and were to run concurrently pursuant to Miss.Code Ann. § 99-39-9.”
¶ 9. We find that the trial judge was correct in finding that the three-year statute of limitations bars Wallace from bringing his petition some eight years after his conviction. We find that he has failed to offer evidence that would stay the application of the statute of limitations. Thus, Wallace’s argument is without merit.
¶ 10. Even if the Court were to find that Wallace is properly before the Court, his argument would still fail because our Court has ruled directly in opposition to his argument. In Clark v. State, 858 So.2d 882 (Miss.Ct.App.2003) the defendant pled guilty to separate charges in two different counties on the same day. He was given suspended sentences on both charges. He argued in a PCR action, that the suspended sentence was illegal because after the first plea he was a convicted felon and thus section 47-7-33 would bar the judge from sentencing him to probation. Our Court denied this argument holding that if as a result of a plea bargain a prior felon “voluntarily accepts an offered suspended sentence and some form of probation, this agreement becomes an enforceable sentence.” Clark, 858 So.2d at 886 (¶ 18). In Graves v. State, 822 So.2d 1089, 1092 (¶ ll)(Miss.Ct.App.2002) we held that were a criminal defendant allowed to plead guilty and receive the benefits of a suspended sentence then attack the very outcome he had bargained for it would “reek havoc” upon the criminal justice system. Id.
¶ 11. It is curious that Wallace is trying to set aside his sentence of probation. If the sentence were determined to be illegal, the Court’s earlier sentencing order in which Wallace was given jail time would take effect. In McGleachie v. State, 800 So.2d 561 (Miss.Ct.App.2001), a defendant, originally facing a lengthy sentence which the trial judge reduced to probation, claimed in a PCR action that he should not have been sentenced to parole because it was a second offense. Our Court said that the error was in the defendant’s favor, and “we will not allow him to now cite that error in claiming his sentence was illegal.” Id. at 562-63(¶ 3). The Court said that a defendant'who benefitted from the leniency of the trial court could not now argue that such leniency was a violation of his fundamental rights. “The law that states that there is a fundamental right to be free from an illegal sentence is interpreted to apply to sentences which cause the defendant to endure an undue burden rather *844 than the luxury of a lesser sentence.” Id. at 563(¶ 4).
¶ 12. Wallace’s time for raising his objections to his 1994 sentences as a basis for post-conviction collateral relief has passed. Therefore, Wallace’s issues are time barred and no statutory exceptions apply. We find that the trial court properly denied Wallace’s motion for post-conviction relief.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY.