LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On September 7, 1995, Calvin Morris Smith was convicted of kidnapping and sexual battery. Smith received two concurrent sentences of twenty years to be served in the custody of the Mississippi Department of Corrections. Smith appealed, and this Court affirmed his conviction without a published opinion. See Smith v. State, 708 So.2d 103, 1998 WL 179181 (Miss.Ct.App.1998).
¶ 2. Some six years after his conviction, Smith requested and received leave from the Mississippi Supreme Court to file a “motion to correct sentence” in which Smith claims that he is being subjected ex post facto to Mississippi Code Annotated Section 47-5-138 (Rev.2004). This section, which applies in pertinent part to any sentence imposed after June 30, 1995, requires an inmate to serve at least 85% of his sentence.
¶ 3. After a thorough review of Smith’s claims, the trial court denied Smith’s motion. It is from this denial that Smith now appeals.
¶ 4. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 5. Our standard of reviewing a trial court’s denial of post-conviction relief is well settled. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous; however, where questions of law are raised the applicable standard of review is de novo. Jones v. State, 805 So.2d 610, 611(¶ 2) (Miss.Ct.App.2002).
DISCUSSION OF THE ISSUES
¶ 6. On appeal, Smith argues one issue: that his “motion to correct. sentence” should have been granted because he was illegally sentenced under a statute that was not in effect at the time of his crime, and as a result Smith argues that he has been improperly denied parole.
I. WAS SMITH SENTENCED UNDER AN EX POST FACTO LAW?
¶ 7. The trial court and the State contend that Mississippi Code Annotated Section 47-5-138 does not apply to Smith. In Puckett v. Abels, 684 So.2d 671, 678 (Miss.1996), the Mississippi Supreme Court ruled that Section 47-5-138 was an unconstitutional ex post facto law when applied to persons who were charged with committing crimes prior to July 1, 1995, but who were not to be sentenced until on or after July 1, 1995. Smith committed his crimes on September 2, 1994, he was indicted on February 24, 1995, and he was sentenced on September 7, 1995. Applying 47-5-138 to Smith is clearly impermissible.
¶ 8. Smith’s ineligibility for parole has nothing to do with the application of Section 47-5-138. Instead, we look to Section 47-7-3(l)(b) (Rev.2004), as it was effective at the time Smith committed his crime. At that time, 47-7-3(l)(b) provided as follows: “Any person who shall have been convicted of a sex crime shall not be released on parole except for a person under the age of nineteen (19) who has been convicted under Section 97-3-67.” This section was effective as of August 23,1994. Under Section 47-7-3, because Smith was an offender over the age of nineteen, he is clearly ineligible for parole. Smith’s argument that 47-7-3 does not apply to his crime is erroneous and lacks merit.
¶ 9. We agree with the trial court that there is nothing to correct in Smith’s sentence. We find no error here, and accordingly affirm the judgment of the trial court.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON *332 COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., MYERS, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.