# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00833-COA

DONNIE MCDONALD A/K/A DONNIE R. MCDONALD                                                 APPELLANT

v.

STATE OF MISSISSIPPI                                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/12/2014 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONNIE MCDONALD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/12/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND JAMES, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.    In 2010, Donnie McDonald pleaded guilty to one count of sale of a controlled substance and one count of possession of precursors with intent to manufacture.  He was sentenced to twenty years on each count, with the sentences to run concurrently.  The trial court suspended both sentences and placed McDonald on five years' supervised probation.

¶2.    In December 2012, McDonald was arrested and charged with possession of methamphetamine with intent to distribute and possession of marijuana with intent to distribute.  On January 22, 2013, Alicia Perkins, a Mississippi Department of Corrections

(MDOC) field officer, issued a warrant for McDonald's arrest for violating his probation. Another MDOC field officer, Earl Parker, also issued an affidavit confirming McDonald's probation violations. The State then filed a petition to revoke McDonald's probation. After a probation-revocation hearing in the Chickasaw County Circuit Court, the trial court issued an order revoking McDonald's probation. The trial court determined McDonald had committed the following probation violations: (1) committed a crime; (2) failed to report to his probation officer; (3) failed a drug test; (4) failed to pay court-ordered fees; and (5) failed to complete a drug-treatment program. Rather than order McDonald to serve twenty years, the trial court ordered McDonald to serve five years in the custody of the MDOC with the remaining fifteen years suspended. The trial court also ordered McDonald to complete the drug-treatment program during his incarceration.

¶3. McDonald then filed a motion for post-conviction relief (PCR). The trial court denied his motion. McDonald appeals, arguing that (1) the trial court lacked jurisdiction to suspend his sentence or place him on probation, and (2) he was denied due process during his probation revocation. Finding no error, we affirm.

STANDARD OF REVIEW

¶4. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

DISCUSSION

2

I. JURISDICTION

¶5. McDonald contends he had seven prior convictions; thus, the trial court was not allowed to suspend his sentence or place him on probation pursuant to Mississippi Code Annotated section 47-7-33 (Supp. 2014). The version of section 47-7-33 in effect at the time of McDonald's sentencing did prohibit a previously convicted felon from being eligible for a suspended sentence and being placed on probation.[1] We note that the only mention of a prior conviction was in McDonald's guilty-plea petition where he states he had previously been convicted of burglary. McDonald cites to *Goss v. State*, 721 So. 2d 144 (Miss. 1998), for support. However, *Goss* was overruled by *Johnson v. State*, 925 So. 2d 86, 103 (¶32) (Miss. 2006), thereby allowing for suspended sentences for defendants with previous felony convictions. Thus, the trial court was within its discretion to suspend McDonald's sentence and impose probation. This issue is without merit.

II. PROBATION REVOCATION

¶6. In his other issue on appeal, McDonald contends he was denied due process during his probation revocation. McDonald argues the State failed to prove he violated the terms of his probation. "Probation may be revoked upon a showing that the defendant 'more likely than not' violated the terms of probation." *Younger v. State*, 749 So. 2d 219, 222 (¶12) (Miss. Ct. App. 1999) (citation omitted). During the revocation hearing, Officer Perkins testified that McDonald had: failed three drug tests; admittedly smoked marijuana; twice failed to complete a drug-treatment program; and failed to report to her on four separate

---

[1] Section 47-7-33 was amended effective July 1, 2014, to remove this requirement.

occasions. The State also showed that McDonald had been arrested with felony amounts of drugs in his possession. McDonald further admitted to the trial court that he was using marijuana. From the record, it appears the trial court had sufficient information to revoke McDonald's probation. This claim is without merit.

¶7. McDonald also claims he was not given adequate time to prepare for his revocation hearing. However, McDonald executed a waiver of his right to a preliminary probation-revocation hearing and requested a formal revocation hearing. He also executed a waiver in which he waived "any and all rights which [he] may have . . . to a notice and/or any waiting period prior to hearing the allegations against [him] at any set date of [his] probation[-]revocation hearing." This claim is without merit.

¶8. McDonald further contends the State violated MDOC policies when collecting his urine for drug testing. However, McDonald fails to make any argument in support of this assertion. We find no merit to this argument.

¶9. **THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.**

**GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**