**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 1998-CP-01295-SCT**

*EARL WILSON, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/13/1998 |
| TRIAL JUDGE: | HON. GEORGE C. CARLSON, JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  BILLY L. GORE |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 3/31/1999 |
| MOTION FOR REHEARING FILED: | 4/12/99 |
| MANDATE ISSUED: | 6/3/99 |

**BEFORE PITTMAN, P.J., BANKS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. Appellant Earl Wilson, Jr., after being convicted of armed robbery in the Panola County Circuit Court, was sentenced to "ten years in the Mississippi Department of Corrections with the last eight years suspended, pending your future good behavior. . . ." On August 9, 1996, the eight years of suspended sentence was revoked. Wilson filed a motion for post-conviction relief, and on August 13, 1998, the circuit court denied and dismissed with prejudice Wilson's motion. From that order, Wilson appeals alleging the following as error:

> **I. WHETHER THE TRIAL COURT ERRED BY REIMPOSING THE EIGHT YEARS SUSPENDED SENTENCE.**
>
> **II. WHETHER THE TRIAL COURT ERRED IN DENYING HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.**

<u>**STATEMENT OF THE FACTS**</u>

¶2. On April 3, 1991, Earl Wilson, Jr. pled guilty to grand larceny and armed robbery in the Panola County

Circuit Court. For the armed robbery charge, Cause No. CR-90-74-C(P2), he was ordered to serve "ten years in the Mississippi Department of Corrections with the last eight years suspended, pending your future good behavior. . . .". On the charge of grand larceny, Cause No CR-89-133-C(P2), Wilson was sentenced to "a term of five years in the Department of Corrections with the last three years suspended, pending your future good behavior. . . .".

¶3. Wilson was released from Parchman on March 19, 1993, after serving two concurrent years. On March 26, 1996, the State of Mississippi petitioned the Circuit Court of Panola County to revoke Wilson's armed robbery suspended sentence after he was charged with grand larceny and possession of a firearm by a convicted felon. The Court revoked Wilson's suspended sentence following a hearing on August 9, 1996, and reinstated Wilson's eight-year armed robbery sentence.

### I. WHETHER THE TRIAL COURT ERRED BY REIMPOSING THE EIGHT YEARS SUSPENDED SENTENCE.

¶4. The lower court labeled the eight years suspended sentence Wilson was given for the armed robbery conviction "unsupervised probation." Wilson disagrees with this label, but argues that if his sentence is deemed "unsupervised probation", the sentence violates Miss. Code Ann. § 47-7-37 which provides:

> The period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation. Such period with any extension thereof shall not exceed five (5) years . . . .

Miss. Code Ann. § 47-7-37 (1972 and Supp. 1998). Wilson believes this violation leaves the State without authority to impose the eight-year sentence. Wilson's sentence was reimposed three years, four months, and twenty-one days after he was discharged on March 19, 1993. The normal course of action when suspending a sentence is to impose a sentence, determine what portion should be suspended then impose a probationary period. *Artis v. State*, 643 So. 2d 533 (Miss. 1994). This is not what occurred with Wilson. The record reveals that no probationary period was ever set for the eight-year suspended sentence on the armed robbery plea. In fact, the court stated the sentence was imposed, "without the benefit of parole or probation."

¶5. Wilson argues there was de facto "unsupervised probation". The difference between probation and suspension of sentence has recently been clearly outlined by this Court. We have stated:

> Suspension is a term which generally applies to the actions of the State in relation to a prisoner under its supervision and control. If a court suspends a sentence imposed upon an accused, the State cannot enforce such sentence during the suspension period, absent violation by the defendant of the suspension terms. Simply stated, "suspension" is the restriction placed upon the power of the State to act during that period.

> However, in its order allowing suspension of a sentence, the court will generally prescribe terms and conditions which the prisoner must follow in order for the suspension period to continue. These conditions serve as the terms of "probation." Probation restricts the prisoner's rights rather than those of the State. If a prisoner is under court imposed probation, he or she may be placed in prison if the conditions of probation are not followed.

*Goss v. State*, 721 So. 2d 144, 145-46 (Miss. 1998). In *Goss*, we found the total sentence imposed

exceeded the maximum proscribed by statute. *Goss* must be limited to § 47-7-33 as it applies to previously convicted felons. This section states that the court shall have power to suspend a criminal sentence except ". . . where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and any state or territories thereof." § 47-7-33 Miss. Code Ann. (Rev. 1993). The lower court in *Goss* erred in approving probation for a previously convicted felon in violation of the statute. The *Goss* reasoning should not be expanded beyond its facts since other statutes exist which allow for suspended sentences, lengthy probationary periods, and other sentencing options. *See, e.g.*, § § 43-21-625; 47-7-37 Miss. Code Ann.

¶6. Wilson's sentence falls far below the statutory maximum of life. We must only decide whether a probationary period was established and whether it was within the statutory limit. His suspended sentence was revoked within five years, the maximum probationary period. However, Wilson himself notes that his discharge certificate lists no probationary period. Although a probationary period was not described, a probationary period was in fact established based on the terms of Wilson's release. Such implied period is binding up to the five-year limitation of Miss. Code Ann. § 47-7-37.

¶7. This Court in a similar case held, "[W]hile this is not a revocation of probation, it stands to reason that the same due process analysis applies to revocation of suspended sentence proceedings." *Artis v. State*, 643 So. 2d 533, 536 (Miss. 1994)(citing *Ross v. State*, 594 S.W. 2d 852, 853( Ark. 1980)). We have also found:

> The courts are empowered to revoke any or all of the defendant's probation or any part or all of the suspended sentence if, *during the period of probation*, it is found that the defendant violated the *conditions* of his probation/suspended sentence.

*Artis*, 643 So.2d at 537(citing *Moore v. State*, 585 So.2d 738 (Miss. 1991)).

¶8. The trial court in *Artis* did not discuss the terms and conditions of the suspended sentence with the defendant. *Artis*, 643 So.2d at 537. Wilson, to the contrary, was clearly aware of the terms of his sentence. When he entered his guilty pleas on April 3, 1991, the following exchange took place:

> THE COURT: . . . having accepted your plea of guilty to the armed robbery charge, it will be the sentence of the Court that you serve a term of ten years in the Mississippi Department of Corrections with the last eight years suspended, pending your future good behavior. . . . Do you understand that?

> DEFENDANT: Yes, sir.

> THE COURT: . . . . . So you simply need to understand, Mr. Wilson, that whenever you get out from serving these sentences, then you'll still have basically eight years hanging over your head, understand that?

> DEFENDANT: Yes, sir.

> THE COURT: If you mess up in eight years from the time you get out of Parchman, if you mess up, commit another crime, don't pay this money within ninety days after you are released from Parchman, then you could end up having eight years to actually go back and serve, understand that, what is called a revocation or a taking away of your eight years suspended sentence and having to actually serve out the remainder of the sentence, do you understand that ?

DEFENDANT: Yes, sir.

THE COURT: Got any questions about it?

DEFENDANT: No, sir.

¶9. In his brief, Wilson states, "The Due Process concerns focuses [sic] on the understanding the defendant has of his guilty plea and suspended sentence, not what is understood by the judges and lawyers." It is apparent that not only did the judge and lawyers understand, but Wilson clearly understood his sentence could be revoked for bad behavior. Wilson also points to the following statute, and notes it does not provide for parole:

> No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person.

Miss. Code Ann. § 47-7-3(1)(d)(i)(Supp. 1998). This statute obviously does not apply to Wilson or aid his defense since he was not sentenced to more than ten years and did not serve ten years. In addition, Wilson muddles the distinction between parole and probation. Parole is based on good conduct in the penitentiary while probation is set as a substitute for incarceration. *See* Miss. Code Ann. §§47-7-3(1), 47-7-37 (1972 and Supp. 1998).

## II. WHETHER THE TRIAL COURT ERRED IN DENYING HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

¶10. Wilson's claim of ineffective assistance of counsel arises from his belief that counsel should have objected to the reimposition of his sentence. The hearing for reimposition was held August 9, 1996, and he was not represented by counsel on that date. He also notes that his counsel sent an associate to appear at his grand larceny plea hearing on June 28, 1996, and believes this was ineffective. However, he notes no mistakes of associate counsel or prejudice to his case except the failure to object to reimposition of his sentence. Since he was not represented by counsel when an objection to the reimposition could have been made and since the reimposition was proper, this assignment of error is without merit.

## CONCLUSION

¶11. Finding no error in the lower court's denial of post-conviction relief, the order of the Panola County Circuit Court is affirmed.

¶12. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH AND WALLER, JJ., CONCUR.**