# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-KM-01650-SCT

*HENRY LEE CONNER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/1998 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LESLIE C. GATES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 1/6/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/24/2000 |

## BEFORE PITTMAN, P.J., BANKS AND COBB, JJ.

## PITTMAN, PRESIDING JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. This is an appeal from an order entered in Lauderdale County Circuit Court sentencing Henry Lee Conner ("Conner") to a term of six months after being convicted of resisting arrest. Conner was sentenced to six months with three months to serve and three months suspended. He was placed on probation for a period of five years on the condition of good behavior. It is from this order of probation that Conner appeals.

### STATEMENT OF THE ISSUE

**I. WHETHER THE TRIAL COURT ERRED IN PLACING CONNER ON PROBATION FOR A PERIOD OF FIVE YEARS ON A CHARGE THAT CARRIES A MAXIMUM SENTENCE OF SIX MONTHS.**

### DISCUSSION OF LAW

¶2. Conner's first and only assignment of error involves the propriety of the sentence he received from the Lauderdale County Circuit Court. On October 8, 1998, Conner was tried for simple assault on a police officer but was convicted only of resisting arrest, a misdemeanor. The trial court sentenced Conner to six

months in the county jail with three months to serve and three months suspended and imposed a $500 fine. The trial court also placed Conner on probation for five years on the conditions of good behavior and payment of court costs.

¶3. Conner alleges that the sentence imposed on him results in him being under the supervision of the state for a period of not less than five years and six months, in direct contravention to the punishment set out in § 97-9-73. Miss. Code Ann. § 97-9-73 states that resisting arrest is a misdemeanor punishable by a maximum of six months imprisonment in the county jail and a fine of not more than $500 or both. Miss. Code Ann. § 97-9-73 (1994).

¶4. Conner alleges that because the maximum sentence for a conviction of resisting arrest, a misdemeanor, is incarceration for six months, the imposition of the five-year probationary period was illegal. Conner cites as his authority *Goss v. State*, 721 So.2d 144 (Miss. 1998). Goss was convicted of burglary of an inhabited dwelling, a felony, and sentenced to ten years. Goss was to serve seven years with three years suspended for a five-year period. This Court held that the sentence illegally exceeded the statutory maximum sentence of ten years.

¶5. *Goss*, however, is inapplicable to the case sub judice. Goss was convicted of a felony, whereas Conner has been convicted of a misdemeanor. Moreover, this Court recently stated that "[t]he Goss reasoning should not be expanded beyond its facts since other statutes exist which allow for suspended sentences, lengthy probationary periods, and other sentencing options." *Wilson v. State*, 735 So.2d 290, 292 (Miss. 1999).

¶6. Conner also suggests that his sentence is in direct conflict with Miss. Code Ann. § 47-7-34, which states in pertinent part:

> (1) When a court imposes a sentence upon a conviction for any **felony** committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment, includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the **felony** committed. . . .

Miss. Code Ann. § 47-7-34 (1) (Supp. 1999) (emphasis added). It is clear that § 47-7-34 applies only to felonies, not misdemeanors, as is the case here.

¶7. As noted by this Court in *Wilson*, there are statutes which allow for suspended sentences and lengthy probationary periods. *Wilson*, 735 So.2d at 292. Such is the case with Conner. A misdemeanor, by definition, is "a criminal offense punishable by a maximum possible sentence of confinement for one year or less, fine, or both." Uniform Circuit and County Court Rule 6.01. Even though a misdemeanor is punishable by confinement for one year or less, a probationary period covering misdemeanors can be inferred by a reading of Miss. Code Ann. § 99-19-25 which states in part:

> The circuit courts and the county courts, in **misdemeanor** cases, are hereby authorized to suspend a sentence and to suspend the execution of a sentence, or any part thereof, on such terms as may be imposed by the judge of the court. **Provided, the suspension of imposition or execution of a sentence hereunder may not be revoked after a period of five (5) years.**

Miss. Code Ann. § 99-19-25 (Supp. 1999)(emphasis added). The language limiting prospective revocation of a suspended sentence to a time period of five years gives the court the authority to impose probation in excess of the statutorily allowable confinement period.

¶8. As this Court noted in *Wilson*, when a sentence is suspended, probation follows:

> . . .[I]n its order allowing suspension of a sentence, the court will generally prescribe terms and conditions which the prisoner must follow in order for the suspension period to continue. These conditions serve as the terms of "probation." . . . If a prisoner is under court imposed probation, he or she may be placed in prison if the conditions of probation are not followed.

*Wilson*, 735 So.2d at 292 (quoting *Goss v. State*, 721 So.2d 144, 145-46 (Miss. 1998)). When the judge sentenced Conner, he suspended three months of his sentence on the condition of good behavior, thereby following § 99-19-25, as well as *Wilson,* in setting probation. When Miss. Code Ann. § 99-19-25 is read in conjunction with *Wilson*, the sentence given Conner is legal and is hereby affirmed.

## CONCLUSION

¶9. Miss. Code Ann. § 99-19-25, when read in conjunction with *Wilson*, clearly allows the trial court to establish a probationary period of up to five years after suspension of a sentence for a misdemeanor conviction. The judgment of the Lauderdale County Circuit Court is hereby affirmed.

¶10. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**