758 So.2d 1042 (2000)
Major O'Neal HAMM, Appellant.
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00586-COA.
Court of Appeals of Mississippi.
March 7, 2000.
*1044 Appellant Pro Se.
Office of the Attorney General by Dewitt T. Allred, III, Attorneys for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
DIAZ, J., for the Court:
¶ 1. Major O'Neal Hamm, the appellant, seeks post-conviction relief after he entered a guilty plea to embezzlement under contract in Prentiss County Circuit Court. Hamm raises the following issue in his appeal whether the trial court erred in denying the motion for post-conviction collateral relief and specifically argues whether the fact that his sentence was revoked and another was instituted in its place without appropriate language in the original sentencing order is a violation of the laws of the State of Mississippi and whether he received his right to effective assistance of counsel. Finding no error, we deny Hamm's petition for post conviction relief.

FACTS
¶ 2. In June of 1995, Hamm was indicted by the grand jury in Prentiss County for commission of the crime of embezzlement and as a habitual offender subject to life imprisonment without parole. He was appointed legal counsel. On November 16, 1995, after being apprized of his constitutional rights, Hamm pled guilty to embezzlement under contract with the habitual offender portions of the indictment nol prossed. At the hearing for his guilty plea, Hamm entered a plea under North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) which does not make admission of guilt a constitutional requisite to an entry and acceptance of a guilty plea. Hamm was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections; however, nine years and seven months were suspended, and Hamm received credit for time served on the following conditions: (1) that Hamm commit no violation of law, (2) that Hamm not return to the area encompassed by the First Circuit Court District, and (3) that Hamm pay $200 restitution and all court costs within one year.
¶ 3. On November 19, 1996, the State filed a petition to revoke suspension of sentence and alleged that Hamm had violated the conditions of his suspended sentence by committing violations of the law, such as: jail escape, grand larceny, and aggravated assault. On December 3, 1996, Hamm appeared before the circuit court and entered a plea of no contest to the allegations whereupon the circuit judge revoked Hamm's suspended sentence and ordered execution of the sentence previously imposed. On May 26, 1999, the circuit court dismissed Hamm's plea petition stating that he was not entitled to any relief. Feeling aggrieved, Hamm perfects this appeal.
DISCUSSION
WHETHTER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF
A. Whether The Fact That Hamm's Sentence Was Revoked And Another Was Instituted in Its Place Without Appropriate Language in The Original Sentencing Order Is a Violation of The Laws of Mississippi
¶ 4. Failure to object to purported errors in sentencing must be made at the time of sentencing or they are procedurally barred. Hewlett v. State, 607 So.2d 1097, 1107 (Miss.1992). Mississippi Code Annotated Section 99-39-21(1)(Rev.1994) states that:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi *1045 or of the United States, shall constitute a waiver thereof and shall be procedurally barred....
¶ 5. Despite Hamm's failure to object to either issue when he was sentenced, we will address each. Under the ruling of Wilson v. State, 735 So.2d 290(¶ 6) (Miss.1999), the Mississippi Supreme Court must determine whether a probationary period was established and whether it was within the statutory limit. If a probationary period is not described, a probationary period is established based on the terms of the release-in this case the plea agreement/sentencing order. Although Hamm's claim involves a suspended sentence and not a probationary period like the defendant in Wilson, "the same due process analysis applies to revocation of suspended sentence proceedings." Artis v. State, 643 So.2d 533, 536 (Miss.1994). The maximum probationary period provided for under Mississippi Code Annotated Section 47-7-37 (Supp.1999) is five years.
¶ 6. In Moore v. State, 585 So.2d 738, 739 (Miss.1991), the supreme court held that: "The courts are empowered to revoke any or all of the defendant's probation or any part or all of the suspended sentence if, during the period of probation, it is found that the defendant violated the conditions of his probation/suspended sentence." The reasoning of Wilson was followed in Tunstall v. State, 1998-CA-01325-SCT, ___ So.2d ___, 1999 WL 1042924 (Miss. Nov. 18, 1999), where the supreme court held that "if conditions of behavior required, [the court] will find an implied `period of probation' for the maximum period allowed by law" and that the Wilson rule applies even though the word "probation" is not used by the sentencing court. Id. at (¶¶ 10-14).
¶ 7. In the present case, Hamm's suspended sentence was revoked within five years, although his plea agreement/sentencing order lists no specific probationary period. Despite the absence of a specific probationary period, one is implied under Wilson and Tunstall.
¶ 8. Here, the trial court discussed the terms and conditions of the suspended sentence with Hamm. When Hamm entered his guilty plea on November 16, 1995, the trial court read aloud the terms of his suspended sentence:
THE COURT: In accord with the recommendation made by the state, the sentence of this court is that you serve a term of ten years in the custody of the Mississippi Department of Corrections. That ten years-so much of that term, that is nine years and seven months, will be suspended on condition, first of all, that you not violate any other law of the State of Mississippi, any other state or of the United States, and further that you are banished from the seven counties constituting the First Judicial District on this date permanently, you are not to return to any of those counties, and on the further condition that you pay $200 in restitution to Freddie Holder within one year of this date an pay all court costs in this cause.
The transcript of the plea hearing establishes that the trial court enunciated the conditions of Hamm's suspended sentence and clearly explained to Hamm the potential consequences of violating those conditions and that Hamm clearly understood the consequences of a violation of those conditions. In the case sub judice, Hamm' s suspended sentence was revoked a little over a year after the date of the plea, conviction and sentencing, and thus it was well within the maximum five-year period allowed. Therefore, there is no merit to this assignment of error.
B. Whether Hamm Received His Right to Effective Assistance of Counsel
¶ 9. In order to succeed on any ineffective assistance of counsel claim, the defendant must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), *1046 which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss.1995). "Only where there is a reasonable probability that without counsel's error the outcome of the trial would have been different will this Court find ineffective representation." Id. at 873. In other words to prevail on his claim of ineffective assistance of counsel, Hamm would have to prove that the outcome would be different but for his counsel's alleged deficiencies. Taylor v. State, 682 So.2d 359, 363 (Miss. 1996).
¶ 10. Hamm claims that he received ineffective assistance of counsel because his appointed counsel should have known that his sentence had no further obligations once it had been suspended. Under the two-prong test of Strickland and Stringer, Hamm's argument fails. If Hamm's attorney had objected to the wording of the sentencing order, the trial court could have cured the error by inserting the appropriate language that is implied by law. However, no objection was made. Nonetheless, the fact that Hamm's attorney did not object does not mean that his attorney failed him. The discussion between Hamm and the trial court indicates that Hamm knew the consequences of violating the conditions of his release since these conditions were articulated in the order even though the words "probation" and "revocation" along with "five year period" were not specifically included. Nevertheless, under Taylor, Hamm would not prevail on this claim because he cannot prove that the outcome would be different but for his counsel's alleged deficiencies.
¶ 11. Under oath, Hamm testified that he consulted with his attorney about the consequences of pleading guilty. At the plea hearing, Hamm stated he understood the substance of the indictment against him and that evidence would be presented against him which would likely result in his conviction. Hamm has not rebutted the presumption under Eakes that counsel's performance at the plea agreement fell within the broad spectrum of reasonable professional assistance nor that it prejudiced the defense. Further, a review of the record shows no error in his attorney's performance. As a result, we find Hamm's claim of ineffective assistance of counsel to be without merit.
¶ 12. Although Hamm does not raise the issue of banishment in his brief and has subsequently been revoked for violating other conditions of his probation, we take this opportunity to address this outmoded form of punishment. One of the provisions of Hamm's probation was that he never return to the First Circuit Court District. A banishment provision must bear a reasonable relationship to the purpose of probation, the ends of justice and the best interests of the defendant and the public must be served, the public policy must not be violated, the rehabilitative purpose of the probation must not be defeated, and the defendant's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution must not be violated. McCreary v. State, 582 So.2d 425, 427 (Miss.1991).
¶ 13. In Cobb v. State, 437 So.2d 1218, 1218 (Miss.1983), the petitioner appealed the condition of probation that required him to stay 125 miles away from Stone County for a period of five years after he was convicted of aggravated assault on his nephew. In Cobb, the supreme court agreed with the trial judge that given Cobb's uncontrollable temper and the nature of the crime, the ends of justice and the best interests of the public would be served through a period of banishment. Id. at 1220. Because the trial judge made an on the record finding of the benefits of banishment in Cobb, the supreme court held that banishment was reasonable and did *1047 not violate public policy or judicial authority.
¶ 14. Mississippi Code Annotated Section 47-7-35 (Supp.1999) lists the permissible conditions of probation and states, inter alia, that the offender shall: "(g) Remain within a specified area." In providing that probationer Hamm would forever remain outside the First Circuit Court District, the record is void of any reasoning of the lower court. Instead, the record reflects suggestions on the part of the assistant district attorney to the circuit court judge regarding potential conditions of probation without any reflection on how banishment would bear a reasonable purpose to the probation, how the ends of justice and the best interests of Hamm and the public would be served, how public policy would not be violated, how the rehabilitative purpose of the probation would not be defeated, or how Hamm's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution would not be violated.
¶ 15. The facts of Cobb make it distinguishable from the present case because Cobb was convicted of aggravated assault after he shot his nephew. Here, Hamm pled guilty to embezzlement under contract after a television he rented was stolen from his home. As stated earlier the record does not indicate that banishment bears a reasonable connection to the crime in Hamm's case. In order for banishment to be an appropriate form of punishment an on the record analysis of the Cobb factors is required.
¶ 16. The order denying post-conviction relief was properly within the discretion of the Circuit Court of Prentiss County; therefore, this Court affirms that decision.
¶ 17. THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO PRENTISS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.