MOORE, J.,
for the Court:
¶ 1. Appellant Kevin Antonio Shumpert pled guilty to one count of possession of cocaine with the intent to distribute and one count of sale of cocaine and received twenty-year suspended prison sentences on each charge. The Lee County Circuit Court revoked Shumpert’s suspended sentences and ordered that he be placed in the custody and control of the Mississippi Department of Corrections. Shumpert moved the trial court for post conviction relief which was summarily denied. Shumpert complains on appeal that the trial court’s revocation of his suspended sentences did not comport with the United States and Mississippi constitutional due process requirements and that the banishment provision was illegal. Finding no error, we affirm.
FACTS
¶ 2. June 15, 1995, Appellant Kevin Antonio Shumpert pled guilty to one count of possession with intent to distribute cocaine and one count of sale of cocaine. The trial court sentenced Shumpert to twenty years on each count and ordered the sentences to run concurrently. The trial court suspended the sentences upon the condition that Shumpert commit no offense against the laws of this or any other state. The trial court also banished Shumpert from any area in Mississippi north of Highway 82 for twenty years.
¶3. January 10, 1997, Shumpert was caught with crack cocaine. After a hearing on January 30, 1997, the trial court revoked the suspended sentences and ordered that Shumpert serve the twenty years in a facility to be designated by the Mississippi Department of Corrections. Aggrieved, Shumpert moved for post conviction relief (PCR) which the trial court summarily denied. In denying the PCR motion, the trial court found that Shum-pert failed to make out a prima facie case entitling him to an evidentiary hearing. Specifically, the trial court found that a full revocation hearing was held and that sufficient proof was put on to find that Shum-pert possessed crack cocaine, a violation of the first condition of Shumpert’s suspended sentences.
LAW AND ANALYSIS
I. WAS SHUMPERT DENIED DUE PROCESS WHEN THE TRIAL COURT REVOKED HIS SENTENCES?
¶ 4. Shumpert acknowledges that a trial court can revoke a suspended sentence but argues that it may only do so if the court also imposed a probationary period. Shumpert’s “problem” is that the trial court did not impose a probationary period when it suspended his sentences. Shum-pert argues that even if a court has the authority to suspend a sentence without imposing a probationary period, “it does not logically follow that the court could thereafter revoke the suspended sentence.”
¶ 5. We recently dealt with this issue in Hamm v. State, 758 So.2d 1042 (Miss.Ct. *1252 App.2000). In that case we noted that when the trial court imposes conditions upon a suspended sentence without stating a probationary period, Mississippi law implies imposition of the maximum probationary period allowed by statute. Id. at (¶ 6). See Tunstall v. State, 767 So.2d 167 (Miss.1999); Wilson v. State, 735 So.2d 290 (¶6) (Miss.1999). This maximum probationary period is five years. Miss.Code Ann. § 47-7-37 (Supp.1999). If a defendant violates the conditions of his probation within the probationary period, the court “may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the, sentence which might have been imposed at the time of conviction.” Id.
¶ 6. In the case sub judice, the trial judge imposed conditions upon Shumpert’s suspended sentences; thus, under the above-cited authority the maximum probationary period of five years is implied. Shumpert violated the first condition of his suspended sentences, that is the condition that he commit no offense against the laws of this or any other state, within the implied five year probationary period. The trial court was well within the authority conferred by Miss.Code Ann. § 47-7-37 (Supp.1999) when it revoked Shumpert’s suspended sentences.
¶ 7. Shumpert also complains that he did not receive due process because the trial court revoked his sentences without following the proper revocation procedure. Shumpert correctly states that minimum due process requirements have been imposed on parole revocation proceedings in Morrissey v. Brewer, 408 U.S. 471, 485-87, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and that the same due process requirements apply to the probation revocation procedure as held by Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In Riely v. State, 562 So.2d 1206, 1210 (Miss.1990), the Mississippi Supreme Court acknowledged the minimum due process requirements set forth in Morrissey and Gagnon and held that the revocation procedure outlined in Miss.Code Ann. § 47-7-37 (Supp.1999) inherited these minimum due process requirements. Therefore, before a trial court may revoke a defendant’s probation or suspended sentence, it must afford the defendant these minimum due' process requirements.
¶ 8. Shumpert claims that he was denied due process because there was no preliminary hearing (as required in Morrissey). Further, Shumpert claims that he was denied due process because he was not informed of or given the opportunity to cross-examine adverse witnesses and that he was not given the opportunity to call his own witnesses (as required by Gag-non). Shumpert has offered no evidence to support these claims. Indeed, the record reflects that the trial court held a full revocation hearing and gave Shumpert the opportunity to call witnesses in his own behalf. Shumpert’s claim that his suspended sentences were revoked without due process is without merit.
II. WAS THE BANISHMENT CONDITION ILLEGAL?
¶ 9. Shumpert argues that the trial court revoked his suspended sentences because he violated the banishment condition imposed by the trial court. We have recently expressed our disapproval with banishment conditions such as the one imposed by the trial court in the present case. See Hamm, at (¶¶ 12-15). We noted in Hamm:
A banishment provision must bear a reasonable relationship to the purpose of probation, the ends of justice and the best interests of the defendant and the public must be served, the public policy must not be violated, the rehabilitative purpose of the probation must not be defeated, and the defendant’s rights under the First, Fifth and Fourteenth *1253 Amendments to the United States Constitution must not be violated.
Id. (citing McCreary v. State, 582 So.2d 425, 427 (Miss.1991)). The trial court in the case sub judice did not explain how the banishment condition it imposed comported with the McCreary requirements; however, the trial court did not revoke Shum-pert’s suspended sentences for violation of the banishment condition. Rather, the trial court revoked Shumpert’s suspended sentences because he violated the first condition of the sentences by possessing crack cocaine. Shumpert’s argument that his sentences were revoked because he violated the banishment condition is without merit, and we need not reach the legality of the banishment condition.
¶ 10. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING SHUMPERT’S MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.