IRVING, J.,
for the Court.
¶ 1. After Stacy Thomas McCaine’s suspended sentence was revoked, he filed in the Circuit Court of Monroe County a motion for post-conviction relief alleging that his due process rights were violated because allegedly he was not placed on probation, post-release supervision, or given explicit terms or conditions with regard to his suspended sentence. The circuit court dismissed the motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev.2000) which allows circuit judges to summarily dismiss motions for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....”
¶ 2. McCaine now appeals and alleges that the trial court erred in dismissing his *1115 motion. We find no error; therefore, we affirm the decision of the trial court.
FACTS
¶ 3. Stacy McCaine was indicted for robbery but pleaded guilty to accessory after the fact to robbery. He was sentenced to a term of five years with four years suspended, upon the condition that he commit “no further violation of any laws of this or any other state or the United States.” McCaine was convicted later of possession of marijuana with intent to distribute, and because of this offense, his four-year suspended sentence was revoked. Additional facts will be related during our discussion of the issue.
DISCUSSION OF THE ISSUE
¶ 4. McCaine argues that the terms of his suspended sentence were unclear and that the court did not set forth a specific time period in which he was to refrain from violating his probation. He maintains that he was not instructed on the terms and conditions of his probation and on the type of conduct that could result in his suspended sentence being revoked.
¶ 5. We find McCaine’s assertion — that the terms and conditions of his suspended sentence were vague and ambiguous — ludicrous and totally without any merit. What is vague and ambiguous about a commandment not to commit further violation of any laws of this or any other state or of the United States?
¶ 6. As to MeCaine’s assertion that he was not placed on probation and “was not afforded clear and concise instructions from the court, particularly how long he would be under the auspices and direction of the court’s suspended sentence,” we examine the sentencing order and the transcript of the sentencing proceeding. We already have quoted from the sentencing order which provided that McCaine was sentenced to five years in the custody of the Mississippi Department of Corrections, with four years suspended “pending no further violation of any laws of this or any other state or the United States.”
¶ 7. The relevant portion of the sentencing proceeding is as follows:
THE COURT: Mr. McCaine, in 97-178 Monroe County, the sentence of this Court is that you serve a term of five years in the custody of the Mississippi Department of Corrections. Four years will be suspended, pending you violate no law of any city, county, state, or of the United States. Was there any recommendation about post-release supervision, Mr. Stennett?
MR. STENNETT: Not that I’m aware of, Your Honor.
THE COURT: Ms. Williams?
MS. WILLIAMS: No, Your Honor.
THE COURT: Very well. Four years will be suspend, [sic] as I indicated, subject to you not violating any law of any city, or any state, or any county or of the United States.
¶ 8. Mississippi Code Annotated section 47-7-37 (Rev.2000) provides in pertinent part that “[t]he period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation. Such period with any extension thereof shall not exceed five (5) years....”
¶ 9. When a portion of a defendant’s sentence is suspended and no period of probation is specified in the sentencing order, a period of probation for the maximum period allowed by law is implied if the sentencing proceeding sufficiently conveys reasonably specific conditions of behavior as a condition of the suspended sentence. Tunstall v. State, 767 So.2d 167, *1116 169(¶ 10) (Miss.1999); see also Wilson v. State, 735 So.2d 290, 292(¶ 6) (Miss.1999).
¶ 10. The record reflects that McCaine was given the suspended sentence on January 22, 1999. On June 9, 2000, McCaine violated the condition of his suspended sentence. This violation occurred well within the five-year implied period of probation.
¶ 11. While the trial judge, at the time of sentencing, did not question McCaine about McCaine’s understanding of the condition of the suspended sentence, we are more than satisfied that McCaine well understood the simple and clear condition that he was not to violate any laws of any city or state or of the United States.
¶ 12. The circuit court did not err in dismissing McCaine’s motion for post-conviction relief, as the motion was totally baseless.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.