844 So.2d 483 (2002)
Harvey Joe RAY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KP-01571-COA.
Court of Appeals of Mississippi.
December 3, 2002.
Rehearing Denied February 4, 2003.
Certiorari Denied May 1, 2003.
*484 Harvey Joe Ray (pro se), attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Harvey Joe Ray was convicted of aggravated assault after a jury trial. On appeal, Ray dismissed his counsel and filed his own brief, a decision upheld by Supreme Court order. He alleges that he was illegally arrested following the grant of bond, that the district attorney should have recused himself, that the sentence was unconstitutional, that his counsel's assistance *485 was ineffective, and that certain jury instructions should have been granted. We find no error and affirm.

FACTS
¶ 2. On September 3, 2000, Harvey Joe Ray received a telephone call from his daughter, Sherrie Ray Dahl. Sherrie and her husband, Otey Dahl, and her mother and three children were staying at a home owned by her brother. Mrs. Dahl called Ray that morning to complain that the new roof on the house was being constructed incorrectly. Ray had contracted and paid for the roof repairs. Angered by the phone call, he drove from his home in Jackson to the house in Montgomery County to confront them.
¶ 3. Ray met Otey Dahl in the front yard of the property. After a brief exchange of heated words, Ray pulled a pistol that had been concealed in his clothing and shot Dahl in the head. Ray called to his daughter to summon an ambulance. Ray began administering first aid to Dahl. When police arrived, Ray immediately confessed to shooting Dahl but insisted that it was both self-defense and an accident. He said that he thought Dahl intended to beat him and sought only to fire a warning shot that would not hit Dahl. Ray was arrested and taken into custody.
¶ 4. Three days later, Ray was released on bond. This bond was revoked, however, when Ray failed to appear for arraignment. The circuit judge issued a bench warrant for Ray. Upon his arrest, Ray was returned to the Montgomery County jail to await trial.

DISCUSSION
1. Arrest upon revocation of bond
¶ 5. Ray insists that his arrest after he had failed to appear at the arraignment was illegal because no order to revoke bond exists. He insists that the only reason he was absent from arraignment was failure on the part of the district attorney's office to notify his attorney of the proper date for his appearance. The Montgomery County Circuit Court issued a judgment nisi ordering forfeiture of Ray's bond following Ray's failure to appear for arraignment. The judgment provided that Ray was to appear and show cause why the judgment forfeiting the bond should not be made final. On the same day, the circuit court issued a bench warrant for Ray's arrest. Miss.Code Ann. § 99-5-25 (Rev. 2000). The forfeiture of the bond may be set aside if the defendant in the judgment nisi surrenders or is arrested, but that does not restore the defendant to the freedom that he had prior to the judgment nisi. Instead, the trial court "after full review of the defendant and the pending charges, in open court, may discharge the prisoner on his giving new bail...." Miss. Code Ann. § 99-5-27 (Rev.2000). At the arraignment after Ray was arrested, the court determined not again to release Ray on bail. We find no error.
2. Recusal of district attorney
¶ 6. Ray alleges that the Montgomery County District Attorney, Doug Evans, should have recused himself because he was related to the victim, Otey Dahl. There is no evidence in the record of such a relationship. Further, Ray made no objection at trial to Evans' involvement in the prosecution. We find nothing to review. White v. State, 532 So.2d 1207, 1215 (Miss.1988).
3. Legality of sentence imposed
¶ 7. Ray's argument is two-fold: that the twenty-year sentence effectively constituted a life sentence given his age of sixty-three at the time of sentencing, and that *486 the total sentence exceeds the statutory maximum for aggravated assault.
¶ 8. Ray received the maximum sentence for this offense. Miss.Code Ann. § 97-3-7(2) (Supp.2002). For Ray to argue that for him to receive a sentence of twenty years actually exceeds the maximum may be based on caselaw that, in certain circumstances, a judge must give a defendant a sentence that is less than what an actuarial table would indicate is his remaining expected years of life. That arises when the statutory sentencing options are life imprisonment as imposed by a jury or a term of years to be determined by the court. If the jury in that situation fails to impose a life sentence, the court should select a term of years "reasonably expected to be less than life." Stewart v. State, 372 So.2d 257, 258 (Miss.1979). We do not find that the analysis that applies under a statutory scheme for sentencing once a jury has failed to agree on a life sentence, is applicable when the legislature has instead set a specific term of years as the maximum and has allowed that sentence to be imposed by a trial judge.
¶ 9. Age and life expectancy are but parts of the total considerations in proper sentencing. Lindsay v. State, 720 So.2d 182, 186 (Miss.1998). The court is to consider all relevant factors when making a sentencing decision. Stewart, 372 So.2d at 259. Where the sentence imposed is within the range permitted by statute, we generally have no power to disturb the trial court's exercise of discretion. Davis v. State, 724 So.2d 342, 344 (Miss.1998).
¶ 10. In this case, the trial court reviewed on the record the reasons for imposing the maximum available sentence. Prominent among those reasons was the fact that the tragedy was caused by what the trial judge believed was Ray's egregiously excessive reaction to a minor provocation, which included arming himself and driving a considerable distance because of his anger. The court specifically considered Ray's age, but the judge must have found other factors to outweigh Ray's age.
¶ 11. The second portion of Ray's argument here is that the combined sentence of incarceration and probation exceeds the maximum penalty permitted by statute, twenty years. For this proposition, he relies upon a case that has been overruled. Goss v. State, 721 So.2d 144 (Miss.1998), overruled in Carter v. State, 754 So.2d 1207, 1209-10 (Miss.2000)(period of probation is not considered in calculating whether the sentence exceeds the statutory maximum).
¶ 12. The sentence Ray received was twenty years, with twelve to serve and eight suspended for five years. In Ray's calculations, this totals twenty five years. If Ray ultimately serves the entire twelve years and then does not violate the terms of his probation, he will be free of the effects of his sentence in seventeen years. However, should he violate the probationary terms, he would be required to serve the eight years remaining on his sentence, for a total time of incarceration of twenty years, the statutory maximum. The five-year probation period does not count towards calculating any part of time served. Miss.Code Ann. § 47-7-37 (Rev.2000).
4. Ineffective assistance of counsel
¶ 13. The United States Supreme Court has established the standard for evaluating claims of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant must show not only that counsel's performance was deficient but was sufficiently deficient to cause prejudice to the defendant. Id. at 687, 104 S.Ct. 2052. In Mississippi, that requires a showing by the appellant that, but for *487 counsel's shortcomings, the result of the proceedings would have been different. Cole v. State, 666 So.2d 767, 775 (Miss. 1995).
¶ 14. In his brief, Ray lists twenty three separate acts or omissions that he claims demonstrate the substandard performance of his attorney before and after trial. The issues concern such matters as counsel's failure to file pretrial motions, to present alternative explanations for the bullet being in the victim's head, to seek ballistic testing despite the defendant's admissions, or to make more of the defendant's diabetes. There are also alleged shortcomings in counsel's examining of certain witnesses. After an analysis of the record and of each contention, we find both that trial counsel performed above the minimum professional requirements and that discussion of the issues would not add to the jurisprudence of the state. This point of error is denied.
5. Jury instructions
¶ 15. Ray contends that it was error to deny three instructions proffered by the defense. The first stated that Ray was licensed to carry his pistol while the remaining two instructed the jury on self-defense justification. While a defendant is entitled to instructions which present his theory of the crime, the trial court is permitted to refuse a proffered instruction which is fairly covered elsewhere. Heidel v. State 587 So.2d 835, 842 (Miss.1991).
¶ 16. The jury was well aware that Ray was licensed to carry a gun. Testimony to that effect was elicited at trial and the license was introduced as evidence. Whether or not Ray was permitted to carry the weapon is not an element of the crime or the claim of self-defense. Instructing the jury on this point was unnecessary and the trial court properly declined to do so.
¶ 17. The two denied self-defense instructions overlapped other instructions that were given. Ray was afforded four instructions as to self-defense and accident. The jury was adequately instructed on Ray's theory of events and we find no error.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH EIGHT YEARS SUSPENDED FOR FIVE YEARS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.