982 So.2d 1042 (2008)
Jimmy LONG a/k/a Jimmy Lee Long, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00582-COA.
Court of Appeals of Mississippi.
May 27, 2008.
*1043 Jimmy Long, pro se.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before KING, C.J., IRVING AND CHANDLER, JJ.
KING, C.J., for the Court.
¶ 1. Jimmy Long appeals the trial court's denial of his motion for post-conviction relief. He alleges that he received an illegal sentence. Finding no error, we affirm.

FACTS
¶ 2. On August 30, 2005, Long pleaded guilty to the possession of cocaine with intent to sell. In accordance with a request from Long's attorney, sentencing was deferred to the trial court's following term. On March 7, 2006, Long was sentenced to eight years in the custody of the Mississippi Department of Corrections (MDOC) followed by twelve years of post-release supervision with the first five years being supervised.
¶ 3. On February 22, 2007, Long filed a motion for post-conviction relief in the Circuit Court of Lee County. In his motion, he alleged that he was serving an illegal sentence and that he had pleaded guilty as a result of improper inducements. The trial court summarily denied the motion, stating that the plea was voluntary and knowingly made and that Long was properly sentenced.
¶ 4. Aggrieved, Long appeals.

STANDARD OF REVIEW
¶ 5. An appellate court will not disturb a lower court's denial of a petition for post-conviction relief unless it is clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(3) (Miss.Ct.App.2002). However, when questions of law are raised, the standard of review is de novo. Brown v. State, 731 So.2d 595, 598(6) (Miss.1999).

ANALYSIS
¶ 6. Long alleges that he received an illegal sentence in two different assignments of error. First, he argues that his sentence, specifically the supervised probation, is invalid because he had prior felony convictions. Second, he argues that his sentence improperly amounts to a life sentence since he was sixty-four years old at the time of sentencing.
I. Whether the post-release supervision portion of Long's sentence was illegal.
¶ 7. Essentially, Long's first allegation of error is that the five years of the post-release supervision portion of his sentence was illegal. The core of his argument *1044 is that the sentencing order stated that he was to receive five years of supervised probation. Long argues that since he had prior felony convictions, his sentence was illegal because Mississippi Code Annotated section 47-7-33 (Rev.2004) specifically prohibits supervised probation for those defendants with prior felony convictions. However, Long was sentenced to post-release supervision under Mississippi Code Annotated section 47-7-34 (Rev. 2004).
¶ 8. For support of his allegation, Long cites to Goss v. State, 721 So.2d 144 (Miss. 1998), a case that has since been overruled by Johnson v. State, 925 So.2d 86, 105(¶ 39) (Miss.2006). In his brief, Long recognizes Johnson, but he states that it applied a new rule to sentencing, and it should not apply here as it was decided after his conviction and sentence. However, Johnson was not applying a new rule as Long suggests, but it was merely applying the new post-release statute, section 47-7-34, which was in effect when Long was sentenced. Id. at 102(¶ 31). This particular statute was acknowledged in Goss, but the supreme court found it inapplicable since it only applied to felonies committed after June 30, 1995, and Goss had committed his felony prior to that date. Goss, 721 So.2d at 145(¶ 4). Therefore, Goss does not apply to our present case, and we turn to more applicable case law.
¶ 9. In Miller v. State, 875 So.2d 194, 199(¶ 10) (Miss.2004), the supreme court addressed the differences between supervised probation and post-release supervision. The two major differences are "(1) supervised probation may not be imposed on a convicted felon while post-release supervision may be imposed on a convicted felon; and, (2) supervised probation is limited to five years while post-release supervision is not." Id. Further, while section 47-7-34 "unquestionably limits to five years the period of time that the MDOC may supervise an offender who is on post-release supervision, the clear language of the statute does not limit the total number of years of post-release supervision to five years." Id.
¶ 10. Therefore, to determine if Long received a proper sentence we must look to the actual sentencing order. Long's confusion arises from the language found in the sentencing order. It states in part:
that the Defendant be and he/she is hereby sentenced to serve a term of EIGHT (8) years(s) in the custody of the Mississippi Department of Corrections at a facility to be designated by said department followed by TWELVE (12) years of Post Release Supervision and the defendant shall be placed on SUPERVISED probation for the first FIVE (5) year(s) of said sentence by the Mississippi Department of Corrections pursuant to Mississippi Code Section 47-7-34 . . .
While the order does say Long will serve five years of supervised probation, it says that the supervised probation is to be served pursuant to section 47-7-34. Section 47-7-34(2) specifically provides that "[t]he period of post-release supervision shall be conducted in the same manner as a like period of supervised probation. . . ." Therefore, the mention of supervised probation was merely a reference as to the manner in which the first five years of post-release supervision were to be served.
¶ 11. Further light can be shed upon Long's sentence by reviewing the sentencing hearing. There, the trial court stated that the eight years of imprisonment were to be "followed by twelve (12) years of post-release supervision. Five (5) of those will be supervised."
¶ 12. After a review of the applicable statutes, case law, sentencing order, and *1045 sentencing hearing, it is clear that the trial court's sole intention was to sentence Long to eight years of imprisonment and to twelve years of post-release supervision with five years being supervised in a manner like supervised probation, not actually supervised probation. Thus, Long was properly sentenced in accordance with section 47-7-34.
II. Whether Long's sentence improperly amounted to a life sentence.
¶ 13. Long argues that the trial court failed to account for his age thereby causing him to receive a sentence that, due to his age, amounted to a life sentence. Further, he argues that this was improper since only a jury and not a judge can affix a term of life. However, as the State correctly points out, Long did not raise this issue before the trial court in his motion for post-conviction relief. Therefore, this issue is procedurally barred. Welch v. State, 958 So.2d 1288, 1292(¶ 12) (Miss.Ct.App.2007).
¶ 14. Regardless, this Court has held that when the Legislature has affixed a set term of years as the maximum sentence and has allowed that sentence to be imposed by a trial judge, as is the case here, the trial judge is not required to apply a term less than life in accordance with actuarial tables. Ray v. State, 844 So.2d 483, 486(¶ 8) (Miss.Ct.App.2002). "Age and life expectancy are but parts of the total considerations in proper sentencing." Id. at (¶ 9). Here, the trial court explicitly mentioned the defendant's age, surely taking it into consideration. Generally, where the sentence is within the range permitted by statute, we are precluded from disturbing the trial court's exercise of discretion. Id.
¶ 15. In this case, the maximum sentence for the possession of cocaine with intent to sell is imprisonment for thirty years and a $1,000,000 fine. Miss.Code Ann. § 41-29-139(b)(1) (Rev.2005). Therefore, we cannot say that the trial court abused its discretion by sentencing Long to a term of eight years' imprisonment with twelve years' post-release supervision and a $6,000 fine, well within the limits imposed by statute, especially since the trial court specifically recognized Long's age during sentencing.
¶ 16. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.