RUSSELL, J„
 

 for the Court:
 

 ¶ 1. Marietta Johnson appeals the Clay County Circuit Court’s judgment dismissing her motion for post-conviction relief (PCR). Johnson argues that the circuit court should resentence her as a non-habitual offender because she has health problems and because her sentence constitutes cruel and unusual punishment. Upon review, we find no error. Therefore, we affirm the circuit court’s judgment dismissing Johnson’s PCR motion.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Johnson had two prior convictions for credit-card fraud and was sentenced to two years for each conviction, totaling four years. Subsequently, Johnson was convicted as an accessory after-the-fact for grand larceny and sentenced as a habitual offender. She received a sentence of five years. On November 24, 2010, Johnson filed a handwritten motion in the circuit court, which provided:
 

 Greetings:
 

 To the Honorable Judge Jim Kitchens, Congratulations on being re-elected.
 

 My name is Marietta Johnson presently incarcerated at [the] MDOC, # K5520. I was sentenced by you for this offense, in Clay County, “accessory[-]after[-]the[-]fact,” cause # 919413, offense # 7055.
 

 I’m writing to “humbly” ask if you would please lift the “habitual” from this sentence of 5 years, Sir.
 

 I’ve finished the sentence on which I violated and just starting on this one, which is mandatory time.
 

 Right now, I’m experiencing health problems and at 57 years old the medical care is horrible. I’m recovering from breast cancer, diabetes, [and] high blood pressure just to name a few.
 

 Please know Sir, that I’m not trying to squirm out of doing this time, I just need the term “habitual” removed because it hinders my participation in programs offer[ed] by [the] MDOC.
 

 Contact name and number: Warden Tina Ladner, 932-2880 C.M.C.F.
 

 
 *138
 
 I would be ever so grateful to you for assisting me in this matter.
 

 Thank you in advance.
 

 Sincerely,
 

 s/ Marietta Johnson
 

 ¶ 3. The circuit court treated Johnson’s motion as one for PCR, and on January 21, 2011, the court entered a judgment dismissing Johnson’s PCR motion, stating:
 

 Came on to be heard this day the above styled and numbered post[-]eonviction matter in which the petitioner has filed a[m]otion to [r]e-sentence, and the [cjourt, after having reviewed the court file, and having reviewed the sentencing order, is of the opinion that the petition is not well taken and that no hearing is necessary. The [cjourt is without the authority to delete the habitual portion of the [pjetitioner’s sentence. All requests of this nature should be submitted to the Mississippi Department of Corrections.
 

 IT IS THEREFORE ORDERED AND ADJUDGED, that said [pjetition should be and is hereby dismissed without the necessity of a hearing. Further, the Circuit Clerk is hereby directed to send a copy of this [ojrder to all parties.
 

 ¶ 4. Subsequently, on March 14, 2011, the circuit court entered an order granting Johnson’s request to appeal in forma pau-peris, stating:
 

 Came on to be heard this day the above styled and numbered post[-jconvietion matter; and the [cjourt, after having reviewed the record of proceedings in the trial court, the guilty plea, the sentencing order[,j and the pleadings herein, and the [cjourt, having taken judicial notice that the petitioner appears to wish to appeal [her] post-conviction ruling of January 21, 2011[,j to the Mississippi Supreme Court, find that [she] should be granted leave to appeal [her] post-conviction ruling. The [cjourt further finds that the [pjetitioner has requested to appeal in forma pauperis, and having reviewed the poverty affidavit previously filed, the [cjourt does hereby grant this request.
 

 IT IS THEREFORE ORDERED, that the [pjetitioner’s [mjotion to [ajppeal is granted. The [cjircuit [cjlerk is directed to send a copy of this [ojrder to all parties and to the Mississippi Supreme Court.
 

 Johnson appeals the circuit court’s judgment dismissing her PCR motion. Finding no error, we affirm.
 

 DISCUSSION
 

 ¶ 5. We “will not disturb a lower court’s denial of a petition for post-conviction relief unless it is clearly erroneous.”
 
 Owens v. State,
 
 17 So.3d 628, 632 (¶ 7) (Miss.Ct.App.2009) (quoting
 
 Long v. State,
 
 982 So.2d 1042, 1043 (¶ 5) (Miss.Ct.App.2008)). “However, when questions of law are raised, the standard of review is de novo.”
 
 Id.
 
 (quoting
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
 

 ¶ 6. “This Court reviews the terms of a sentence under an abuse of discretion standard.”
 
 Id.
 
 at 632 (¶ 8) (quoting
 
 Vardaman v. State,
 
 966 So.2d 885, 891 (¶ 28) (Miss.Ct.App.2007)). “The circuit court judge has ‘complete discretion’ in sentencing.”
 
 Id.
 
 Therefore, “[ujnless the sentence is grossly disproportionate or not within the statutory limits, we will not disturb the sentence on appeal.”
 
 Id.
 
 (citing
 
 Hull v. State,
 
 983 So.2d 331, 335 (¶ 21) (Miss.Ct.App.2007)).
 

 I. Whether Johnson was entitled to be resentenced as a non-habitual offender due to her health problems.
 

 ¶ 7. Johnson argues the circuit court erred in failing to resentence her as a non-
 
 *139
 
 habitual offender because she is experiencing health problems. Our habitual-offender statute provides as follows:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and
 
 such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 Miss.Code Ann. § 99-19-81 (Rev.2007) (emphasis added).
 

 ¶ 8. Johnson does not dispute being sentenced as a habitual offender at the time of her conviction as an accessory after-the-fact. Rather, she asserts that her health problems
 
 [1]
 
 entitle her to be resen-tenced as a non-habitual offender. We have been unable to find any Mississippi case law, statute, or other authority on point,
 
 [2]
 
 and Johnson failed to cite any authority within her appellant brief or her reply brief on this point.
 
 [3]
 
 But a plain reading of section 99-19-81 states that a sentence imposed under this statute “shall not be reduced.” Therefore, we find that Johnson was not entitled to be resentenced as a non-habitual offender due to her health problems.
 

 II. Whether the circuit court’s failure to resentence Johnson constitutes cruel and unusual punishment.
 

 ¶ 9. Johnson also argues that the circuit court’s failure to resentence her as a non-habitual offender constitutes “cruel and unusual punishment” under the Eighth Amendment to the United States Constitution. We disagree. “A sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal.”
 
 Brown v. State,
 
 875 So.2d 214, 221 (¶ 35) (Miss.Ct.App.2003) (citing
 
 Towner v. State,
 
 837 So.2d 221, 227 (¶20) (Miss.Ct.App.2003)). “The imposition of a sentence is within the discretion of the trial
 
 *140
 
 court, and appellate courts will not review the sentence, if it is within the limits prescribed by statute.”
 
 Id.
 

 ¶ 10. Under Mississippi law, the maximum sentence for a person convicted as an accessory after-the-fact is five years. Miss.Code Ann. § 97-1-5 (Rev.2006). Johnson received a five-year sentence, which clearly falls within the statutory limits. Therefore, this issue is without merit.
 

 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. BARNES AND ROBERTS, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.
 

 [1]
 

 . Specifically, Johnson states in her brief that she is “presently experiencing health problems such as diabetes, high blood pressure, arthritis, recovering from breast cancer, had left radical mastectomy, [and] lymph edema, [and] at 57 years old, [finds] it difficult to receive continuity of care in this facility.”
 

 [2]
 

 . We note that under limited circumstances an inmate may qualify for conditional medical release in the discretion of the commissioner and the medical director of the MDOC.
 
 See
 
 Miss.Code Ann. § 47-7-4 (Rev.2011). However, this type of release is reserved for terminally ill inmates and for those with "significant permanent physical medical condition[s] with no possibility of recovery.”
 
 Id.
 
 Johnson does not allege either of these conditions. Even if she did, Johnson would need to seek relief from the commissioner and the medical director of the MDOC, not the courts.
 
 Id.
 

 [3]
 

 .In fact, Johnson failed to cite any authority whatsoever in her appellant brief. Under her table of authorities, she wrote "none applicable to this particular case.” We note that under Mississippi Rule of Appellate Procedure 28(6), the argument section of an appellant brief
 
 “shall
 
 contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions,
 
 with citations to the authorities, statutes, and parts of the record relied on.”
 
 (Emphasis added). Thus, "[a]s an appellate court, we are not required to consider an argument which is not supported by authority.”
 
 Doss v. State,
 
 956 So.2d 1100, 1102 (¶ 7) (Miss.Ct.App.2007). Although Johnson does cite authority (the Eighth Amendment to the United States Constitution and a few Eighth Amendment cases) within her
 
 reply
 
 brief, we find this argument without merit for the reasons discussed herein.