GRIFFIS, P.J.,
for the Court:
¶ 1. Anthony Washington pleaded guilty to possession of cocaine with intent to sell. Washington filed a petition for post-conviction collateral relief (PCCR), which the trial court dismissed. Washington appeals. This Court finds no error and affirms.
FACTS AND PROCEDURAL HISTORY
¶2. On March 26, 2011, Officer Mark Morgan observed a pickup truck driving recklessly on Highway 18 in Jackson, Mississippi. Officer Morgan pulled the truck over and the driver, Washington, immediately got out and walked toward Officer Morgan’s vehicle. Officer Morgan smelled alcohol on Washington’s breath and conducted a pat-down, which revealed a bag of marijuana in Washington’s pocket. After arresting Washington, Officer Morgan conducted a search of the truck and discovered a crack pipe and a large quantity of white powder, later confirmed to be 61.7 grams of cocaine.
¶ 3. A grand jury indicted Washington for possession of cocaine with intent to sell and as a subsequent and a habitual offend *370 er. On October 8, 2011, Washington entered his guilty plea before the trial judge and received a sentence of fifteen years, with eight years to serve, seven years suspended, and five years of post-release supervision. The plea also dropped all enhancements as a subsequent or habitual offender.
¶ 4. On May 24, 2013, Washington filed a PCCR petition that requested the trial court find he received ineffective assistance of counsel and set aside his guilty plea. Washington claimed his public defender misinformed him about his eligibility for trustee status, which induced him to involuntarily plead guilty. The trial court appointed counsel to inform Washington of the consequences of revoking his guilty plea. ' '
¶5. Thereafter, Washington^ with counsel’s assistance, filed an amended PCCR petition that requested the trial court re-sentence Washington for possession of cocaine rather than possession with intent to sell, which would allow Washington to apply for trustee status. On March 19, 2014, the trial court dismissed Washington’s PCCR petition stating the court lacked jurisdiction to modify Washington’s sentence. Washington now appeals.
STANDARD OF REVIEW
¶6. “We will not reverse a trial court’s dismissal of a PCCR [petition] unless the trial court’s -decision was clearly erroneous.” Barker v. State, 126 So.3d 135, 136 (¶ 5) (Miss.Ct.App.2013) (citing Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011)). “When reviewing questions of law,--this Court’s standard of review is de novo.” Id, (citation omitted).
¶ 7. Further, “[t]his Court reviews the terms of a sentence under an abuse of discretion 'standard.” Johnson v. State, 80 So.3d 136, 138 (¶ 6) (Miss.Ct.App.2012) (citation omitted). “Therefore, ‘unless the sentence is grossly disproportionate or not within the statutory limits, we -will not disturb the sentence on appeal.’ ” Id. (quoting Owens v. State, 17 So.3d 628, 632 (¶ 8) (Miss.Ct.App.2009)).
ANALYSIS
¶ 8. Washington asserts On appeal that: (1) the trial court had jurisdiction to resen-tence him to remove the “intent to sell” portion of sentence, and (2) he received ineffective assistance of counsel.

I. The trial court did not err in refusing' to amend Washington’s sentence.

¶ 9. Washington initially requested the trial court vacate his guilty plea. The trial court appointed counsel, and Washington subsequently amended his PCCR petition to request a sentence modification to remove the “intent to sell” element, of his conviction. The trial court denied his request, citing a lack of authority to modify the sentence. This Court agrees.
¶ 10. Mississippi Code Annotated section 47-7-33(1) (Rev.2015) states, in part, that a trial court “shall have the power, after conviction or a plea of guilty, ... to suspend the imposition or execution of [a] sentence, .,. except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.” Washington’s sentence commenced on October 3, 2011, when he entered his guilty plea and received his sentence. Washington then filed his PCCR petition on May 24, 2013, approximately one year and seven months after the start of his sentence. Therefore, the trial court lacked the jurisdiction to modify Washington’s sentence.
¶ 11. Additionally, “[a] .-sentence that does not exceed the maximum period allowed by statute will not be disturbed on *371 appeal.” Johnson, 80 So.3d at 139 (¶ 9) (quoting Brown v. State, 875 So.2d 214, 221 (¶ 35) (Miss.Ct.App.2003)). “The imposition of a sentence is within the discretion of the trial court, and appellate courts will not review the sentence, if it is within the limits prescribed by statute.” Id. at 139-40 (¶ 9). Washington was convicted under Mississippi Code Annotated section 41 — 29—139(b)(1) (Rev.2013), which provided a maximum sentence of thirty years. The trial court sentenced Washington to a total sentence of fifteen years, well within the statutory prescription.
¶ 12. Further, this Court cannot simply modify Washington’s sentence to remove the intent language. In Johnson, the petitioner asked the trial court to remove the habitual language from her1 sentence to allow her to apply for early release.' Johnson, 80 So.3d at 137 (¶'2). The trial court, and subsequently this Court, denied Johnson’s requested relief, finding no basis to grant a modification. Id. at 139 (¡¶ 8), As with Johnson, this Court finds no basis to amend the language. Therefore, this issue is without merit.

II. Washington did not receive ineffective assistance of counsel.

.¶ 13. As a second assignment of error, Washington contends he received ineffective assistance of counsel when he relied on counsel’s promises that he would qualify for trustee time, which would- reduce the amount of time he served. Washington claims that but for his counsel’s promise, he would have gone to trial and put on evidence that he merely possessed the cocaine rather than possessed with intent to sell.
¶ 14. To support .an ineffective-assistance-of-eounsel claim, Washington must show: (1) his. counsel’s performance was deficient and. (2) prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, “there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.” Hooghe v. State, 138 So.3d 240, 247 (¶ 31) (Miss.Ct.App.2014) (citing Strickland, 466 U.S. at 689, 104 S.Ct. 2052).
¶ Í5. The trial court did not directly address the ineffective-assistance-of-counsel issue presented in Washington’s PCCR petition. The trial court stated in -the order that it would have set aside Washington’s guilty plea as discussed in a hearing. However, the trial court did not provide a reason for considering setting aside the guilty plea, and the hearing alluded to in the order does npt appear in the record. But the order dismissed the amended petition in' its entirety. Therefore, this Court addresses Washington’s ineffective-assistance claim.
¶ 16. Washington contends his counsel’s deficient performance occurred when she promised him he would, receive trustee time. However, Washington pleaded guilty, which “waives claims' of ineffective assistance of counsel ‘except insofar as the allegéd ineffectiveness relates to the voluntariness of the giving of the guilty plea.’ ” Rigdon v. State, 126 So.3d 931, 936 (¶ 16) (Miss.Ct.App.2013) (quoting Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss. Ct.App.2011)). Washington asserts this promise induced him to plead guilty, which rendered his plea involuntary. Therefore, this Court looks to the plea colloquy to determine if Washington' was fully informed before entering his guilty plea.
¶ 17. At his plea hearing, the following exchange occurred:
THE COURT: You’re telling the Court that you .are freely and .voluntarily admitting your guilt to the offense with which you are charged?
*372 WASHINGTON: Yes, lam.
[[Image here]]
.THE COURT: You understand the Court will not be bound by plea bargaining which may have occurred between your attorney and the district attorney’s office, but might impose the maximum sentence of 30 years of imprisonment and a one million dollar fine should the Court accept your plea of guilty?
WASHINGTON: I do understand.
THE COURT: You also understand should the Court accept your plea of guilty, you have no right of appeal of the sentence that may be imposed upon you by the Court.
WASHINGTON: I have no right, sir? You say I have no right? I, didn’t understand what you said, sir.
THE COURT: No, I said you understand that should the Court accept your plea of guilty you have no right of appeal—
WASHINGTON: Okay. Okay, yes, I do understand.
Based on this exchange, Washington clearly stated he voluntarily pleaded guilty. During the hearing, Washington also stated he was satisfied with the representation he received from counsel. This indicates the voluntariness of his plea.
¶ 18. Yet, while Washington stated he voluntarily pleaded guilty, this Court has recognized that “[a]n allegation that the defendant pled guilty in response to counsel’s mistaken advice may vitiate the plea, because it indicátes the defendant may not have been fully aware of the consequences of the plea.” Readus v. State, 837 So.2d 209, 212 (¶ 9) (Miss.Ct.App.2003) (citation omitted). The plea hearing also included the following:
THE COURT: Did [counsel] explain to you your right of parole or early release?
WASHINGTON: Yes, she has.
THE COURT: After your discussion with her, are you the one that decided ■ to plead guilty to this charge? '
WASHINGTON: Yes, I did.
THE COURT: Have any promises been made to you, any hope of reward in return for your changing your plea . from not guilty to guilty?
WASHINGTON: No.
This exchange, also illustrates the volun-tariness of Washington’s plea. This Court has, however, reversed and remanded a PCCR-petition dismissal when, the defendant entered a “facially correct plea,” but showed his counsel misrepresented the sentence he would receive. Id. at 213-14 (¶¶ 11,16).
¶ 19. In Readus, the petitioner alleged his attorney promised his guilty plea would result in a lenient sentence and he relied on' this promise in entering his guilty plea. Id. at 212-13 (¶ 9). Like Readus, Washington alleged he voluntarily pleaded guilty and' provided his own and his mother’s affidavits that attested to his counsel’s promises. Id. This Court, however, only reversed and remanded Readus for an evi-dentiary hearing to determine the volun-tariness of the petitioner’s guilty plea and whether counsel rendered ineffective assistance. Id. at 215 (¶ 18). In contrast to Readus, the trial court-here conducted a hearing and presented Washington with the option to have his guilty plea vacated, which he declined.
¶20. Though the exact proceedings from that hearing are absent from the record, Washington enjoyed the opportunity to present his petition and chose not to take advantage of the remedy offered by the trial court. Further, as previously ad *373 dressed, the trial court lacked the authority to merely amend Washington’s sentence to remove the intent element of the crime. For these reasons, this Court affirms the judgment.
¶ 21. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, J.J., CONCUR.